```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF MARYLAND
```

FILED U.S. DISTRICT COURT DISTRICT OF MARYLAND
2003 FEB 19 P 4:10
CLERK'S OFFICE AT BALTIMORE
BY _____ DEPUTY

POINT BLANK BODY ARMOR, INC.      *

                Plaintiff          *

        vs.                        *    CIVIL ACTION NO. MJG-01-3256

ALLEN PRICE, et al.                *

                                   *
                Defendants

*       *       *       *       *       *       *       *       *

### MEMORANDUM AND ORDER RE: PROCEDURAL MOTIONS

The Court has before it the following:

1. Defendants' Motion to Strike Portions of the Affidavit of Sandra Hatfield [Paper 47];

2. Plaintiff's Motion to Strike Portions of Affidavit of Joseph Krummel [Paper 51];

3. Defendants' Motion for Leave to File an Amended Counterclaim [Paper 57];

and the materials submitted by the parties in relation thereto. The Court finds it unnecessary to hear oral argument on these Motions.

### I. BACKGROUND

It suffices here to note that the case presents disputes between Plaintiff and certain of its former employees. Plaintiff asserts claims based upon alleged breaches of the former

employees' duties under an employment contract and alleged misappropriation of trade secrets.

The Court shall, hereafter, hear argument on the parties' respective summary judgment motions.

III. DISCUSSION

    A.   <u>Motions to Strike Portions of Affidavits</u>

Both sides have moved to strike portions of affidavits submitted in support of the instant summary judgment motions. Defendants have moved to strike a sentence of the affidavit of Sandra Hatfield on the basis that the statement therein is untrue. Point Blank has moved to strike a sentence of the affidavit of Joseph Krummel on the same basis. Both sides are completely off-base in contending that a statement is inadmissible in evidence merely because an adverse party claims it to be untrue.

Rule 56(e) of the Federal Rules of Civil Procedure governs the form and content of affidavits submitted as evidence with a motion for summary judgment. Specifically, the Rule requires that such an affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. Rules Civ. Pro.,

56(e).  An affidavit that does not satisfy the foregoing standard may be stricken in whole or in part.  See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996) (District Court acted properly in striking and disregarding only those portions of affidavit it deemed inadmissible or improper in accordance with Rule 56(e)).

The instant motions to strike do not rely upon the provisions of Rule 56(e).  Neither motion alleges that the disputed affidavit testimony fails to comply with Rule 56's dictates.  Rather, the parties each argue that a portion of the respective affiant's statements is false.

Of course, portions of an affidavit submitted under Rule 56 may be stricken when they conflict with a prior sworn statement by the affiant, for example, deposition testimony.  See Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir 1984).  The purpose for this rule is to prevent a party from intentionally manufacturing a "question of fact" and thus avoiding summary judgment.  Id.  That situation is not presented here.  Neither party points to a conflict between the disputed portions of affidavit testimony and any prior sworn statement of the affiant.

The parties are free to, and have, submitted evidence that they contend shows that the statements at issue are false.  This evidence shall be considered as part of the evidentiary record on

summary judgment insofar as it supplements or opposes the content of affidavits submitted in conjunction with such a motion. Fed. Rule of Civ. Pro. 56(e) ("The Court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.").

The bottom line, as counsel should have well known, is that there is no valid basis to strike from the record any of the statements at issue.

B.   <u>Motion for Leave to Amend Counterclaim</u>

Defendants seek to amend their counterclaim pursuant to Rule 15 of the Federal Rules of Civil Procedure to add a claim for payment of stock and warrants to which they argue they are entitled by the terms of their employment agreement with Point Blank. Defendants' Counterclaim already seeks recovery of other specified unpaid wages allegedly owed to them under the employment contract.

Point Blank opposes the Motion for Leave to Amend on the basis that an amendment is not timely and would cause it to suffer undue prejudice. Defendants counter that their claim for payment of the stock did not accrue until the shares vested in January 2002, at which point they first became aware, when they

attempted to sell the stock, that Point Blank had declined to permit Defendants to sell.

Defendants motion seeking leave to amend the Counterclaim was made long after the January 11, 2002 deadline set for seeking leave to amend.  Under Rule 16(b), Federal Rules of Civil Procedure, a party must show "good cause" to obtain a modification of the Court's Scheduling Order.  See Marcum v. Zimmer, 163 F.R.D. 250, 253 (S.D. W. Va. 1995), Rassoull v. Maximus, Inc., 209 F.R.D. 372, 373 (D. Md. 2002).

Defendants have not presented enough to constitute good cause for a deadline extension in a normal case.  However, there is an exceptional compelling circumstance which persuades the Court to allow the proposed amendment subject to conditions.

It appears that if the Court were to deny leave to amend, Defendants could file a separate lawsuit asserting the allegedly newly-discovered claim.  In consequence, there would be a separate case with attendant inconveniences and additional costs for both parties.

Under the circumstances, the Court will permit the amendment.  However, the Court will impose conditions to reduce the burden on Plaintiff resulting from the addition of a new cause of action in the Counterclaim.

VI. <u>CONCLUSION</u>

For the foregoing reasons:

1. Defendants' Motion to Strike Portions of the Affidavit of Sandra Hatfield [Paper 47] is DENIED.

2. Plaintiff's Motion to Strike Portions of Affidavit of Joseph Krummel [Paper 51] is DENIED.

3. Defendants' Motion for Leave to File an Amended Counterclaim [Paper 57] is GRANTED. However, the amendment is permitted subject to the following conditions:

   a. Plaintiff may engage in reasonable additional discovery with regard to the matters added by the proffered amendment.

   b. Should Plaintiff need to take additional deposition discovery from Defendants or a non-party witness it may do so.

   c. Defendants shall pay Plaintiff's costs, including the transcript and a fee of $200 per hour for one attorney for the duration of each deposition plus one hour for each deposition.

   d. The Court reserves decision as to whether the matters added by the proffered Amendment shall be consolidated with other matters for trial.

   e. The proffered Amended Counterclaim is deemed to be filed on the date of this Order.

SO ORDERED this 19th day of February, 2003.

_____
Marvin J. Garbis
United States District Judge