UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| POINT BLANK BODY ARMOR, INC. | * | |
| Plaintiff | * | |
| v. | * | |
| ALLEN PRICE, JOSEPH KRUMMEL, and JAMES MURRAY | * | Civil Action No. MJG 01 CV 3256 |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REQUEST FOR ENTRY OF DEFAULT

Counterclaimants, Allen Price ("Price"), Joseph Krummel ("Krummel"), and James Murray ("Murray"), by their undersigned attorneys and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, hereby file this Request for Entry of Default in the above-referenced action and state as follows:

1.  On or about November 11, 2001, Counterclaim Defendant, Point Blank Body Armor brought suit against Counterclaimants, Price, Krummel, and Murray, alleging breach of contract and misappropriation of trade secrets, and seeking declaratory relief, preliminary and permanent injunctive relief, and damages in excess of $75,000. See Affidavit of William M. Krulak, Jr., counsel to Counterclaimants, Price, Krummel, and Murray, attached hereto as Exhibit 1, at ¶3.

2.  On November 26, 2001, Counterclaimants, Price, Krummel, and Murray filed their Answer and Counterclaim, specifically denying any and all liability to Point Blank and setting forth their counterclaim against Point Blank for unpaid wages and for trebling of those unpaid wages pursuant to the Maryland Wage Payment and Collection Act. See Exhibit 1, ¶4.

3. On December 13, 2001, Point Blank filed its Answer to the Counterclaim, denying liability as to the claims asserted in the Counterclaim. See Exhibit 1, ¶5.

4. On July 3, 2002, Counterclaimants, Price, Krummel, and Murray filed a Motion for Leave to File Amended Counterclaim, Answer, Amended Counterclaim and Demand for Jury Trial. Price, Krummel, and Murray amended their claims against Point Blank by alleging that, in addition to the unpaid wages sought in their original counterclaim, Point Blank had failed and refused to make other payments of wages in the form of stock and stock warrants that were due and owing from Point Blank to Counterclaimants and that were wages as defined by the Maryland Wage Payment and Collection Act. See Exhibit 1, ¶6.

5. On July 8, 2002, Point Blank filed its Opposition to the Motion for Leave to File Amended Counterclaim, asserting the Counterclaimants, Price, Krummel, and Murray should not be allowed to amend their counterclaim after the January 11, 2002 deadline for amendment of pleadings set forth in the Court's November 27, 2001 scheduling order. See Exhibit 1, ¶7.

6. On February 19, 2003, Judge Marvin J. Garbis issued an order granting Counterclaimants, Price, Krummel, and Murray's motion for leave to file an amended counterclaim, stating that the "proffered Amended Counterclaim is deemed to be filed on the date of this Order." See Exhibit 1, ¶8.

7. Pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure, Point Blank had ten (10) days from the date service of the amended pleading to file any responsive pleading. See Exhibit 1, ¶9.

8. Point Blank had been served with the Amended Counterclaim prior to the February 19, 2003 Order[1], therefore, the ten-day period within which Point Blank was required to file any responsive pleading expired on March 5, 2003. Therefore, Point Blank is in default. See Exhibit 1, ¶10.

WHEREFORE, Counterclaimants, Allen Price, Joseph Krummel, and James Murray respectfully requests that the Clerk of this Court enter a default against the Counterclaim Defendant, Point Blank Body Armor, Inc.

Respectfully submitted,

Dated: April 22, 2003

/s/
Robert S. Brennen, Esquire #04499
William M. Krulak, Jr. Esquire #26452
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

Attorneys for Counterclaimants,
 Price, Krummel, and Murray

---

[1] Counterclaimants, Price, Krummel, and Murray filed their Motion for Leave to File Amended Counterclaim and the Amended Counterclaim on July 3, 2002, and served the same on Point Blank via first class mail that same day.