IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| POINT BLANK BODY ARMOR, INC.<br>Plaintiff,<br>v.<br>ALLEN PRICE, et al.<br>Defendants. | Civil Action No.<br>MJG-01 CV-3256 |

## DECLARATION OF PAULA M. JUNGHANS

Paula M. Junghans hereby declares under the penalties of perjury:

1. I am over eighteen (18) years of age and am competent to testify on this 27th day of April, 2003.

2. I am an attorney of record in the above-captioned matter and have personal knowledge of the matters set forth in this Declaration.

3. I was engaged by Plaintiff/Counter-Defendant, Point Blank Body Armor, Inc. to take over the representation of it in this matter from its prior counsel in mid-January, 2003, and formally entered my appearance on January 19, 2003.

4. Prior counsel provided me with voluminous files in connection with the case, including some nine volumes of indexed pleadings as well as other pleadings which had not been indexed and which my staff organized, as well as deposition transcripts, exhibits, legal memoranda, and legal research. I undertook to review all of that material expeditiously in order to prepare for a hearing on cross motions for summary judgment which was scheduled for March 4, 2003.

5. During my review, I noted that the Defendants/Counterclaimants had filed a motion for leave to file an amended counterclaim, but that leave to file the amended pleading had not been

granted by the Court. I also noted an answer to the amended counterclaim prepared by prior counsel, a copy of which is attached hereto as Exhibit A. During the course of my review, I was under the impression that the answer to the amended counterclaim had been submitted to the Court and would be deemed filed when and if leave were granted to file the amended counterclaim. Accordingly, I did not file a new Answer on the due date of March 5, 2003.

6. On April 23, 2003, while attending a conference out of state, I received electronic notice of the Request for Default filed by Counterclaimants. Today I returned to my office to reviewed the file and noticed that the answer, Exhibit A hereto, was in fact unsigned and had apparently not been submitted to the court. At that time I realized that I had been incorrect in my belief that an answer to the amended counterclaim had already been filed. Accordingly, I have prepared and submitted an Answer to the Amended Counterclaim.

7. I have spoken with counsel for the Counterclaimants on several occasions since March 5, 2003, including an April 1, 2003 conference call with the court, and counsel has never questioned why no answer to the amended counterclaim had been filed. Nor did counsel make any effort to contact me prior to filing the Request for Default on April 23, 2003.

I HEREBY DECLARE UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING DECLARATION ARE TRUE AND CORRECT.

_____
Paula M. Junghans

Date: _April 27, 2003_

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

POINT BLANK BODY ARMOR, INC.
a Delaware Corporation,

    Plaintiff,

v.             CIVIL ACTION NO. MJG 01 CV 3256

ALLEN PRICE,
JOSEPH KRUMMEL, and
JAMES MURRAY

    Defendants.

## PLAINTIFF'S ANSWER TO DEFENDANTS' AMENDED COUNTERCLAIM

COMES NOW, Point Blank Body Armor, Inc., Plaintiff and Counterclaim Defendant (hereinafter "Plaintiff"), by and through undersigned counsel and answers Defendants' and Counterclaim Plaintiffs' (hereinafter "Defendants") Counterclaims as follows:

### Facts Common to Defendants' Counterclaims

1. Plaintiff admits that Defendants were all employed by Plaintiff. Plaintiff denies the remaining allegations of paragraph 1.

2. Plaintiff admits the allegations of paragraph 2.

3. Plaintiff denies that Defendants fully performed all work or that such work was performed pursuant to valid and enforceable employment contracts (sic).

4. Plaintiff admits the allegations of paragraph 4.

5. Plaintiff denies the allegations of paragraph 5.

EXHIBIT A

6. Plaintiff denies the allegations of paragraph 6.

Jurisdiction

7. Plaintiff reasserts the allegations in paragraph 6 of its Complaint and admits that this Court has supplemental jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. §1367.

COUNT I: BREACH OF CONTRACT - PRICE

8. Plaintiff readopts and realleges its responses to the allegations contained in paragraphs 1 through 7 as if more fully set forth herein.

9. Plaintiff admits that Defendant Price entered into an employment agreement with Plaintiff to design and test ballistic packages for Plaintiff, for a period of three years, at a salary of $150,000 per year. Plaintiff denies the remaining allegations of paragraph 9.

10. Point Blank admits that Defendant Price entered into an employment agreement which provided that Price would receive a stock certificate for 40,000 shares of DHB Capital Group's common stock. The agreement provided that the stock certificate would vest over the life of the contract and would be prorated to the date employment ceased. Plaintiff denies the remaining allegations of paragraph 10.

11. Point Blank admits that Defendant Price entered into an employment agreement which provided that Price would receive a warrant to purchase an additional 120,000 shares of his Employer's Common Stock. The agreement provided that 40,000 shares under the warrant vested after each year that the employment agreement was in effect at a purchase price of $2.00 per share. Plaintiff denies the remaining allegations of paragraph 11.

12. Plaintiff denies the allegations of paragraph 12.

13. Plaintiff denies the allegations of paragraph 13.

14. Plaintiff admits that Price demanded payment of wages. Plaintiff denies the remaining allegations of paragraph 14.

15. Plaintiff denies the allegations of paragraph 15.

16. Plaintiff denies the allegations of paragraph 16.

17. Plaintiff denies the allegations of paragraph 17.

18. Plaintiff denies the allegations of paragraph 18.

Plaintiff denies all other allegations not specifically admitted. No response to Defendant's WHEREFORE CLAUSE is necessary.

## COUNT II: UNJUST ENRICHMENT - PRICE

19. Plaintiff readopts and realleges its responses to the allegations contained in paragraphs 8 through 18 as if more fully set forth herein.

20. Plaintiff denies the allegations of paragraph 20.

21. Plaintiff denies the allegations of paragraph 21.

22. Plaintiff denies the allegations of paragraph 22.

23. Plaintiff denies the allegations of paragraph 23.

24. Plaintiff denies the allegations of paragraph 24.

25. Plaintiff denies the allegations of paragraph 25.

Plaintiff denies all other allegations not specifically admitted. No response to Defendant's WHEREFORE CLAUSE is necessary.

### COUNT III: VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION ACT - PRICE

26.  Plaintiff readopts and realleges its responses to the allegations contained in paragraphs 19 through 25 as if more fully set forth herein.

27.  Plaintiff denies the allegations of paragraph 27.

28.  Plaintiff denies the allegations of paragraph 28.

29.  Plaintiff denies the allegations of paragraph 29.

Plaintiff denies all other allegations not specifically admitted. No response to Defendant's WHEREFORE CLAUSE is necessary.

### COUNT IV: BREACH OF CONTRACT - KRUMMEL

30.  Plaintiff readopts and realleges its responses to the allegations contained in paragraphs 1 through 7 as if more fully set forth herein.

31.  Plaintiff admits that Defendant Krummel entered into an employment agreement with Plaintiff to design and test ballistic packages for Plaintiff, for a period of three years, at a salary of $130,000 per year. Plaintiff denies the remaining allegations of paragraph 31.

32.  Point Blank admits that Defendant Krummel entered into an employment agreement which provided that Krummel would receive a stock certificate for 20,000 shares of DHB Capital Group's common stock. The agreement provided that the stock certificate would vest over the life of the contract and would be prorated to the date employment ceased. Plaintiff denies the remaining allegations of paragraph 32.

33.  Point Blank admits that Defendant Krummel entered into an employment agreement which provided that Krummel would receive a warrant to purchase an additional 90,000 shares of

4

his Employer's Common Stock. The agreement provided that 30,000 shares under the warrant vested after each year that the employment agreement was in effect at a purchase price of $2.00 per share. Plaintiff denies the remaining allegations of paragraph 33.

34. Plaintiff denies the allegations of paragraph 34.

35. Plaintiff denies the allegations of paragraph 35.

36. Plaintiff denies the allegations of paragraph 36.

37. Plaintiff denies the allegations of paragraph 37.

38. Plaintiff denies the allegations of paragraph 38.

39. Plaintiff denies the allegations of paragraph 39.

40. Plaintiff denies the allegations of paragraph 40.

Plaintiff denies all other allegations not specifically admitted. No response to Defendant's WHEREFORE CLAUSE is necessary.

## COUNT V: UNJUST ENRICHMENT - KRUMMEL

41. Plaintiff readopts and realleges its responses to the allegations contained in paragraphs 30 through 40 as if more fully set forth herein.

42. Plaintiff denies the allegations of paragraph 42.

43. Plaintiff denies the allegations of paragraph 43.

44. Plaintiff denies the allegations of paragraph 44.

45. Plaintiff denies the allegations of paragraph 45.

46. Plaintiff denies the allegations of paragraph 46.

47. Plaintiff denies the allegations of paragraph 47.

Plaintiff denies all other allegations not specifically admitted. No response to Defendant's WHEREFORE CLAUSE is necessary.

### COUNT VI: VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION ACT - KRUMMEL

48. Plaintiff readopts and realleges its responses to the allegations contained in paragraphs 41 through 47 as if more fully set forth herein.

49. Plaintiff denies the allegations of paragraph 49.

50. Plaintiff denies the allegations of paragraph 50.

51. Plaintiff denies the allegations of paragraph 51.

Plaintiff denies all other allegations not specifically admitted. No response to Defendant's WHEREFORE CLAUSE is necessary.

### COUNT VII: BREACH OF CONTRACT - MURRAY

52. Plaintiff readopts and realleges its responses to the allegations contained in paragraphs 1 through 7 as if more fully set forth herein.

53. Plaintiff admits that Murray entered into an employment agreement with Plaintiff to design and test ballistic packages for Plaintiff, for a period of three years, at a salary of $65,000 per year. Plaintiff denies the remaining allegations of paragraph 53.

54. Point Blank admits that Defendant Murray entered into an employment agreement which provided that Murray would receive a stock certificate for 5,000 shares of DHB Capital Group's common stock. The agreement provided that the stock certificate would vest over the life of the contract and would be prorated to the date employment ceased. Plaintiff denies the remaining allegations of paragraph 54.

55. Point Blank admits that Defendant Murray entered into an employment agreement which provided that Murray would receive a warrant to purchase an additional 40,000 shares of his Employer's Common Stock. The agreement provided that 13,333 shares under the warrant vested after each year that the employment agreement was in effect at a purchase price of $2.00 per share. Plaintiff denies the remaining allegations of paragraph 55.

56. Plaintiff denies the allegations of paragraph 56.

57. Plaintiff denies the allegations of paragraph 57.

58. Plaintiff denies the allegations of paragraph 58.

59. Plaintiff denies the allegations of paragraph 59.

60. Plaintiff denies the allegations of paragraph 60.

61. Plaintiff denies the allegations of paragraph 61.

62. Plaintiff denies the allegations of paragraph 62.

Plaintiff denies all other allegations not specifically admitted. No response to Defendant's WHEREFORE CLAUSE is necessary.

### COUNT VIII: UNJUST ENRICHMENT - MURRAY

63. Plaintiff readopts and realleges its responses to the allegations contained in paragraphs 52 through 62 as if more fully set forth herein.

64. Plaintiff denies the allegations of paragraph 64.

65. Plaintiff denies the allegations of paragraph 65.

66. Plaintiff denies the allegations of paragraph 66.

67. Plaintiff denies the allegations of paragraph 67.

68. Plaintiff denies the allegations of paragraph 68.

69. Plaintiff denies the allegations of paragraph 69.

Plaintiff denies all other allegations not specifically admitted. No response to Defendant's WHEREFORE CLAUSE is necessary.

### COUNT IX: VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION ACT

70. Plaintiff readopts and realleges its responses to the allegations contained in paragraphs 63 through 69 as if more fully set forth herein.

71. Plaintiff denies the allegations of paragraph 71.

72. Plaintiff denies the allegations of paragraph 72.

73. Plaintiff denies the allegations of paragraph 73.

Plaintiff denies all other allegations not specifically admitted. No response to Defendant's WHEREFORE CLAUSE is necessary.

### AFFIRMATIVE DEFENSES

1. Defendants counterclaims against Plaintiff are barred because each and every cause of action contained in the Counterclaims fail to state a claim upon which relief may be granted.

2. Defendants counterclaims are barred by the equitable doctrines of waiver and estoppel.

3. The contractual agreements were fraudulently induced by Plaintiffs and were, therefore, voidable.

4. Defendants' actions constituted an anticipatory breach of the employment agreement.

5. Defendants breached their employment agreement with Plaintiff.

6. There is a bona fide dispute over moneys due to Plaintiffs as wages.

7. Defendants claims for stock benefits are preempted by ERISA.

WHEREFORE Plaintiff respectfully requests that Defendants' Counterclaims against Plaintiff be dismissed with prejudice and that Plaintiff be awarded it costs, including attorneys' fees expended in defense of these claims.

Respectfully submitted this      day of         , 2002.

_____
Angelo M. Filippi
Florida Bar No. 0880851

Stearns Weaver Miller Weissler
 Alhadeff & Sitterson, P.A.
200 East Broward Boulevard
Suite 1900
Fort Lauderdale, Florida 33301
Telephone: (954) 462-9500
Facsimile: (954) 462-9567

_____
Harry M. Rifkin
Federal Bar No. 01333

Harry M. Rifkin
Hodes, Ulman, Pessin & Katz, P.A.
Suite 400
901 Dulaney Valley Road
Towson, Maryland 21204
Telephone: (401) 938-8800
Facsimile: (401) 823-6017

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was forwarded, via U.S. Mail, to Counsel for Defendants, Richard D. Bennett, Robert S. Brennen and William M. Krulack, Jr. of the firm of Miles & Stockbridge P.C., 10 Light Street, Baltimore, Maryland 21202 and Richard E. Jackson, 205 East Main Street, Elkton, Maryland 21921-5769 on this _____ day of July, 2002.

_____
Harry M. Rifkin

I:\W-LIT\36044\006\answeramendcc.001.wpd