IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

POINT BLANK BODY ARMOR, INC.
    Plaintiff,

v.

ALLEN PRICE, et al.
    Defendants.

Civil Action No.

MJG-01 CV-3256

## ANSWER TO AMENDED COUNTERCLAIM

Plaintiff/Counter-Defendant, Point Blank Body Armor, Inc., by its undersigned counsel, for answer to the Amended Counterclaim filed herein by Defendants, admits, denies and alleges as follows:

1. Admits the allegations of Paragraph 1 of the Amended Counterclaim.

2. Admits the allegations of Paragraph 2 of the Amended Counterclaim.

3. Denies the allegations of Paragraph 3 of the Amended Counterclaim.

4. Admits the allegations of Paragraph 4 of the Amended Counterclaim.

5. Denies the allegations of Paragraph 5 of the Amended Counterclaim.

6. Admits that Counterclaimants have made demands upon Plaintiff as alleged; deny that Counterclaimants are entitled to what they demand.

7. Admits the allegations of Paragraph 7 of the Amended Counterclaim.

8. Incorporates by reference its responses to Paragraphs 1 through 7 of the Amended Counterclaim.

9. States that the employment agreement is a writing which speaks for itself and any interpretations or characterizations thereof are denied.

10. States that the employment agreement is a writing which speaks for itself and any interpretations or characterizations thereof are denied.

11. States that the employment agreement is a writing which speaks for itself and any interpretations or characterizations thereof are denied.

12. Admits the allegations of Paragraph 12 of the Complaint, but denies that Counterclaimant Price was entitled to such payment.

13. Admits that it has not provided Counterclaimant Price with stock certificates or warrants since Counterclaimant Price's termination of his employment, but states further that it had done so prior to his termination of his employment.

14. Admits the allegations of Paragraph 14 of the Amended Counterclaim.

15. Denies the allegations of Paragraph 15 of the Amended Counterclaim.

16. Denies the allegations of Paragraph 16 of the Amended Counterclaim.

17. Denies the allegations of Paragraph 17 of the Amended Counterclaim.

18. Denies the allegations of Paragraph 18 of the Amended Counterclaim.

19. Incorporates by reference its responses to Paragraphs 8 through 18 of the Amended Counterclaim.

20. Denies the allegations of Paragraph 20 of the Amended Complaint.

21. Denies that Counterclaimant Price performed any substantive work during the last week of September 2001 and avers that Counterclaimant Price's termination of his employment during the latter part of September 2001 was detrimental to Point Blank, whose business was substantially affected by the events of September 11, 2001.

22. Lacks information from which it can determine what Counterclaimant Price's expectations were.

23. Denies that Point Blank obtained any benefit from Counterclaimant Price's services during the last week of September 2001.

24. Denies the allegations of Paragraph 24 of the Amended Counterclaim.

25. Denies the allegations of Paragraph 25 of the Amended Counterclaim.

26. Incorporates its responses to Paragraphs 19 through 25 of the Amended Counterclaim.

27. Denies the allegations of Paragraph 27 of the Amended Counterclaim.

28. Denies the allegations of Paragraph 28 of the Amended Counterclaim.

29. Denies the allegations of Paragraph 29 of the Amended Counterclaim.

30. Incorporates by reference its responses to Paragraphs 1 through 7 of the Amended Counterclaim.

31. States that the employment agreement is a writing which speaks for itself and any interpretations or characterizations thereof are denied.

32. States that the employment agreement is a writing which speaks for itself and any interpretations or characterizations thereof are denied.

33. States that the employment agreement is a writing which speaks for itself and any interpretations or characterizations thereof are denied.

34. Admits the allegations of Paragraph 34 of the Complaint, but denies that Counterclaimant Krummel was entitled to such payment.

35. Admits that it has not provided Counterclaimant Krummel with stock certificates or warrants since Counterclaimant Krummel's termination of his employment, but states further that it had done so prior to his termination of his employment.

36. Admits the allegations of Paragraph 36 of the Amended Counterclaim.

37. Denies the allegations of Paragraph 37 of the Amended Counterclaim.

38. Denies the allegations of Paragraph 38 of the Amended Counterclaim.

39. Denies the allegations of Paragraph 39 of the Amended Counterclaim.

40. Denies the allegations of Paragraph 41 of the Amended Counterclaim.

41. Incorporates by reference its responses to Paragraphs 30 through 40 of the Amended Counterclaim.

42. Denies the allegations of Paragraph 42 of the Amended Complaint.

43. Denies that Defendant Krummel performed any substantive work during the last week of September 2001 and avers that Defendant Krummel's termination of his employment during the latter part of September 2001 was detrimental to Point Blank, whose business was substantially affected by the events of September 11, 2001.

44. Lacks information from which it can determine what Defendant Krummel's expectations were.

45. Denies that Point Blank obtained any benefit from Defendant Krummel's services during the last week of September 2001.

46. Denies the allegations of Paragraph 46 of the Amended Counterclaim.

47. Denies the allegations of Paragraph 47 of the Amended Counterclaim.

48. Incorporates its responses to Paragraphs 41 through 47 of the Amended Counterclaim.

49. Denies the allegations of Paragraph 49 of the Amended Counterclaim.

50. Denies the allegations of Paragraph 50 of the Amended Counterclaim.

51. Denies the allegations of Paragraph 51 of the Amended Counterclaim.

52. Incorporates by reference its responses to Paragraphs 1 through 7 of the Amended Counterclaim.

53. States that the employment agreement is a writing which speaks for itself and any interpretations or characterizations thereof are denied.

54. States that the employment agreement is a writing which speaks for itself and any interpretations or characterizations thereof are denied.

55. States that the employment agreement is a writing which speaks for itself and any interpretations or characterizations thereof are denied.

56. Admits the allegations of Paragraph 56 of the Complaint, but denies that Counterclaimant Murray was entitled to such payment.

57. Admits that it has not provided Counterclaimant Murray with stock certificates or warrants since Counterclaimant Murray's termination of his employment, but states further that it had done so prior to his termination of his employment.

58. Admits the allegations of Paragraph 58 of the Amended Counterclaim.

59. Denies the allegations of Paragraph 59 of the Amended Counterclaim.

60. Denies the allegations of Paragraph 60 of the Amended Counterclaim.

61. Denies the allegations of Paragraph 61 of the Amended Counterclaim.

62. Denies the allegations of Paragraph 41 of the Amended Counterclaim.

63. Incorporates by reference its responses to Paragraphs 52 through 62 of the Amended Counterclaim.

64. Denies the allegations of Paragraph 64 of the Amended Complaint.

65. Denies that Counterclaimant Murray performed any substantive work during the last week of September 2001 and avers that Counterclaimant Murray's termination of his

employment during the latter part of September 2001 was detrimental to Point Blank, whose business was substantially affected by the events of September 11, 2001.

66 Lacks information from which it can determine what Counterclaimant Murray's expectations were.

67 Denies that Point Blank obtained any benefit from Counterclaimant Murray's services during the last week of September 2001.

68. Denies the allegations of Paragraph 68 of the Amended Counterclaim.

69. Denies the allegations of Paragraph 69 of the Amended Counterclaim.

70. Incorporates its responses to Paragraphs 63 through 69 of the Amended Counterclaim.

71. Denies the allegations of Paragraph 71 of the Amended Counterclaim.

72. Denies the allegations of Paragraph 72 of the Amended Counterclaim.

73. Denies the allegations of Paragraph 73 of the Amended Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

Counterclaimants' claims for triple damages and attorneys' fees under the Maryland Wage Payment and Collection Act, Md. Code Ann., Labor & Employment, §§3-505 and 3-507.1 set forth in Counts III, VI and IX of the Amended Counterclaim are barred because there is a bona fide dispute over Counterclaimants' entitlement to such amounts, if any, as they may be determined to be entitled to under Counts I, IV and VII of the Amended Counterclaim.

WHEREFORE. Plaintiff/CounterDefendant Point Blank Body Armor, Inc. requests that this Court:

A. Determine that the Counterclaimants are entitled to take nothing on Counts I through IX, and each of them, of the Amended Counterclaim;

B.  Grant Counter-Defendants its costs and attorneys' fees to the maximum extent permitted by law.

C.  Grant Counter-Defendant such other and further relief to which it may be entitled.

_____
Paula M. Junghans
(Bar No. 00589)
Piper Rudnick LLP
1200 19th Street NW
Washington DC  2003
(202) 861-3905
(202) 689-7537 FAX
Paula.Junghans@Piperrudnick.com