# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| POINT BLANK BODY ARMOR, INC. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| ALLEN PRICE, | * | |
| JOSEPH KRUMMEL, and | * | |
| JAMES MURRAY | * | |
| | * | |
| Defendants. | * | |
| | * | Civil Action No. MJG 01 CV 3256 |
| | * | |
| ALLEN PRICE, | * | |
| JOSEPH KRUMMEL, and | * | |
| JAMES MURRAY | * | |
| | * | |
| Counter-plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| POINT BLANK BODY ARMOR, INC. | * | |
| | * | |
| Counter-defendant. | * | |

## DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED JURY INSTRUCTIONS

Defendants and Counter-plaintiffs Allen Price ("Price"), Joseph Krummel ("Krummel"), and James Murray ("Murray"), by their attorneys, Robert S. Brennen and William M. Krulak, Jr. submit the following requested jury instructions.

Dated: June 23, 2003

                         /s/
Robert S. Brennen
William M. Krulak, Jr.
Miles & Stockbridge P.C.
10 Light Street, Suite 1200
Baltimore, Maryland 21202-1487
(410) 727-6464
Attorneys for Defendants and Counter-plaintiffs
Allen Price, Joseph Krummel, and James Murray

## *INDEX*

1.  Juror Attentiveness

2.  Role of The Court

3.  Burden of Proof - General

4.  Burden of Proof-Preponderance of the Evidence

5.  Direct and Circumstantial Evidence

6.  Judicial Notice

7.  Stipulation of Facts

8.  Interrogatories

9.  Depositions

10. Inference Defined

11. Witness Credibility

12. Impeachment by Prior Inconsistent Statements

13. Compensatory Damages

14. Right to See Exhibits and Hear Testimony; Communications With Court

15. Duty to Deliberate/Unanimous Verdict

16. Special Verdict

17. Partial Verdict – Multiple Parties

18. Contract - Defined

19. Breach of Contract

20. Anticipatory Breach

21. Preparation to Compete

22. Construction Against Draftsman

23. Course of Dealing - Defined

24. Unjust Enrichment

25. Recovery of Unpaid Wages

26. Wages – Defined

27. Bona Fide Dispute – Defined

28. Violation of the Maryland Uniform Trade Secrets Act

### _DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 1_

### JUROR ATTENTIVENESS

Modern Federal Jury Instructions § 71-1.

### _DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED_

### _INSTRUCTION NO.2_

### ROLE OF THE COURT

Modern Federal Jury Instructions § 71-2.

## *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED*

## *INSTRUCTION NO. 3*

### BURDEN OF PROOF – GENERAL

Modern Federal Jury Instructions § 73-1.

## *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED*

## *INSTRUCTION NO. 4*

### BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

Modern Federal Jury Instructions § 73-2.

### _DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 5_

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Modern Federal Jury Instructions § 74-2.

## *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 6*

## JUDICIAL NOTICE

Modern Federal Jury Instructions § 74-3.

## _DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 7_

## STIPULATION OF FACTS

Modern Federal Jury Instructions § 74-4.

### _DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 8_

### __INTERROGATORIES__

Modern Federal Jury Instructions § 74-13.

### *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 9*

### DEPOSITIONS

Modern Federal Jury Instructions § 74-14.

### *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 10*

### **INFERENCE DEFINED**

Modern Federal Jury Instructions § 75-1.

### _DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 11_

### WITNESS CREDIBILITY

Modern Federal Jury Instructions § 76-1.

## *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 12*

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

Modern Federal Jury Instructions § 76-5.

## *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 13*

## COMPENSATORY DAMAGES

Modern Federal Jury Instructions §77-3.

### _DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 14_

### RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY;COMMUNICATIONS WITH

### COURT

Modern Federal Jury Instructions §78-1.

## _DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 15_

## DUTY TO DELIBERATE/UNANIMOUS VERDICT

Modern Federal Jury Instructions § 78-3.

## *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 16*

## SPECIAL VERDICT

Modern Federal Jury Instructions § 78-9.

### _DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 17_

### PARTIAL VERDICT-MULTIPLE PARTIES

Modern Federal Jury Instructions § 78-12.

### _DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 18_

### CONTRACT - DEFINED

Defendants and Counter-plaintiffs Price, Krummel, and Murray are each pursuing claims against Point Blank for breach of contract. A contract is an agreement embodying a promise or set of promises between two or more parties creating rights or obligations, the performance of which the law recognizes as a duty and the breach of which the law gives a remedy.

_Kiley v. First Nat'l Bank of Maryland_, 102 Md. App. 317, 333, 649 A.2d 1145, 1152 (1994).

### _DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 19_

### BREACH OF CONTRACT

Defendants and Counter-plaintiffs Price, Krummel, and Murray each claim that Point Blank failed, without legal excuse, to perform certain of its promises relating to compensation due to Defendants and Counter-plaintiffs under their respective employment agreements. If you find that Point Blank was required, under the employment agreements entered into with the Defendants and Counter-plaintiffs, to provide either Price, Krummel, or Murray with wages and that Point Blank failed to provide any such wages, without any legal excuse, you should find that Point Blank breached its contract with each such Defendant and Counter-plaintiff and find that Point Blank may be responsible for damages for breaching each such contract.

_String v. Steven Dev. Corp._, 269 Md. 569, 579, 307 A.2d 713, 719 (1973).

### *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 20*

### ANTICIPATORY BREACH

Defendants and Counter-plaintiffs claim that Point Blank clearly indicated that it would not perform all of its obligations under the employment agreements it entered into with the Defendants and Counter-plaintiffs.  If you find that Point Blank had clearly indicated that it would not perform all of its obligations under its contracts with Defendants and Counter-plaintiffs Price, Krummel, or Murray, you should find that Point Blank anticipatorily breached such contracts and that Point Blank may be responsible for damages.

*String v. Steven Dev. Corp.*, 269 Md. 569, 579, 307 A.2d 713, 719 (1973).

**_DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 21_**

**PREPARATION TO COMPETE**

Under Maryland law, absent an enforceable covenant restricting competition, an employee may make arrangements to compete with his former employer before termination of his services, as long as the employee does not directly compete with or solicit customers of his employer while still employed.

*Becker v. Bailey*, 268 Md. 93, 99, 299 A.2d 835, 839 (1973).

### *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 22*

## COURSE OF DEALING DEFINED

Defendants and Counter-plaintiffs Price and Krummel have claimed that during the course of their dealing with Point Blank, as its employees, they had received stock in Point Blank's parent corporation as part of their compensation as employees of Point Blank and that Point Blank had placed no restrictions on any such stock that was promised and provided as compensation.  A course of dealing is a sequence or previous conduct between the parties to an agreement which is fairly to be regarded as establishing a common basis of understanding for interpreting the agreement.  Unless the parties have agreed otherwise, a course of dealing between the parties gives meaning to or supplements or qualifies the parties' agreements.  If you find a course of dealing between Point Blank and Defendants and Counter-plaintiffs Price and Krummel relating to Point Blank's provision of stock as a part of Price and Krummel's employment, then you should find that such a course of dealing gives meaning to or supplements or qualifies Defendants and Counter-plaintiffs' employment agreements with Point Blank.

*Gov't. of the United Kingdom v. Northstar Services, Inc.*, 1 F.Supp.2d 521, 524 (D.Md. 1998) (citing *Restatement (Second) of Contracts* § 223).

***DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 23***

**CONSTRUCTION AGAINST DRAFTSMAN**

If you find any portion of the employment agreements entered into by Defendants and Counter-plaintiffs and Point Blank to be ambiguous, in that any portion of such employment agreements could have more than one possible meaning, you should read any such agreement in favor of the Defendants and Counter-plaintiffs because Point Blank drafted each such agreement.

*Truck Investment Exchange v. Marks Rentals Inc.*, 288 Md. 428, 435, 418 A.2d 1187, 1191 1980).

### *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 24*

### UNJUST ENRICHMENT

Defendants and Counter-plaintiffs have asserted claims against Point Blank for unjust enrichment. If you find that any of the employment agreements entered into by the parties are not valid and enforceable agreements, you may find that Defendants and Counter-plaintiffs are entitled to relief based upon their unjust enrichment claims.

If you find that through their work for Point Blank, under their employment agreements, including but not limited to during the final two weeks of their employment, Defendants and Counter-plaintiffs (1) conferred benefits upon Point Blank; (2) which Point Blank was aware of; (3) for which the acceptance or retention by Point Blank would be inequitable without payment of the value of such benefits so conferred, then you should find that Point Blank has been unjustly enriched and should pay damages to Defendants and Counter-plaintiffs.

*The Fischer Org., Inc. v. Landry's Seafood Rests., Inc.*, 143 Md.App. 65, 76, 792 A.2d 349, 356 (2002).

### _DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 25_

### RECOVERY OF UNPAID WAGES

Defendants and Counter-plaintiffs have asserted claims for unpaid wages that they have claimed are due and owing from Point Blank under the terms of their respective employment agreements.  If you find that, after two weeks had elapsed from the date on which Point Blank was required to have paid their wages, Point Blank failed to pay Defendants and Counter-plaintiffs Price, Krummel, or Murray any such wages, you must find that Point Blank violated the Maryland Wage Payment and Collection Act.

MD. CODE ANN., LAB. & EMPL. § 3-507.1 (2002).

**_DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 26_**

**_WAGES – DEFINED_**

Defendants and Counter-plaintiffs claim that under the express terms of their respective employment agreements with Point Blank they were each to receive, as compensation for their employment, a salary, stock in Point Blank's parent corporation, and options to purchase stock in Point Blank's parent corporation.  All compensation that is due to an employee as a result of employment are considered "wages," including any remuneration that is promised in exchange for the employee's work such as a bonus, a commission, or a fringe benefit.  If you find that, under their respective employment agreements or otherwise, the salary, stock, and options claimed by Defendants and Counter-plaintiffs, were compensation due to them as a result of their respective employment with Point Blank, then you should find that all such items are wages.

MD. CODE ANN., LAB. & EMPL. § 3-501 (2002).

_Whiting-Turner Contracting Co. v. Fitzpatrick_, 366 Md. 295, 303-05, 783 A.2d 667, 671-73 (2001).

### _DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 27_

### BONA FIDE DISPUTE – DEFINED

Defendants and Counter-plaintiffs claim that Point Blank had no legitimate basis for failing to pay the wages that they have claimed to be due and owing from Point Blank under their respective employment agreements.  If you find that Point Blank's failure to provide any of the wages that were due to either Price, Krummel, or Murray did not result from a legitimate dispute over the validity of any such claims for wages or the amount claimed to be due, then you should find that Point Blanks' failure to pay any such wages did not result from a bona fide dispute between the parties.

*Admiral Mortgage, Inc.*, 357 Md. 533, 543, 745 A.2d 1026, 1031 (2000).

### *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION NO. 28*

### VIOLATION OF MARYLAND UNIFORM TRADE SECRETS ACT

Defendants and Counter-plaintiffs Price, Krummel, and Murray have claimed that Point Blank's claim of misappropriation was made and maintained in bad faith.  If you find that Point Blank's claim that Price, Krummel, and Murray each violated the Maryland Uniform Trade Secrets Act by misappropriating or threatening to misappropriate certain information or material that Point Blank claims to have been trade secrets was either:

1.      Objectively speciousness; or

2.      That Point Blank's bringing or maintaining some or all of such claims for misappropriation of trade secrets represented subjective misconduct; then

3.      You should find that Point Blank violated the Maryland Uniform Trade Secrets Act. Objective speciousness exists when there is a complete lack of evidence supporting Plaintiff's claim.

Subjective misconduct should be found were you to find that Point Blank knew or was reckless in not knowing that its claims for trade secret misappropriation had no merit.  Further, if you find that Point Blank knowingly persisted in an invalid claim, such a finding could demonstrate subjective misconduct.  Further, Point Blank's tactics during the course of litigation can support a finding as to Point Blank's motives for the purposes of determining whether Point Blank pursued litigation in bad faith.

MD. CODE ANN., COM. LAW § 11-1204 (2002).

*Contract Materials Processing, Inc. v. Kataleuna GMBH Catalysts, et. al.*, 222 F.Supp.2d 733, 744-45 (D.Md. 2002).