IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| POINT BLANK BODY ARMOR, INC.<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>ALLEN PRICE, et al.<br><br>    Defendants/Counter-Plaintiffs. | Civil Action No.<br><br>MJG-01 CV-3256 |

**MOTION IN LIMINE TO EXCLUDE EVIDENCE,
TESTIMONY, AND ANY REFERENCE TO THE JURY
REGARDING PLAINTIFF'S FORMER CLAIMS AND
DEFENDANTS' REQUEST FOR ATTORNEY'S FEES**

Plaintiff/Counter-Defendant, Point Blank Body Armor, Inc. ("Point Blank"), by its undersigned counsel, moves in limine to exclude evidence, testimony, and any reference to the jury regarding (1) Point Blank's claims for misuse of confidential information and misappropriation of trade secrets against Defendants/Counter-Plaintiffs, Allen Price, Joseph Krummel, and James Murray (collectively, "Defendants/Counter-Plaintiffs"), and (2) Defendants/Counter-Plaintiffs' request for attorney's fees pursuant to Md. Comm. Law II Code Ann., § 11-1204.

The reasons in support of this Motion are set forth in an accompanying Memorandum of Law. A proposed Order is attached.

Respectfully submitted,

*Paula M. Junghans* CMLM
_____
Paula M. Junghans (Bar No. 00589)
PIPER RUDNICK LLP
1200 Nineteenth Street NW
Washington DC  20036-2412
(202) 861-3905
(202) 689-7537 *facsimile*
paula.junghans@Piperrudnick.com


_____
Melissa L. Mackiewicz (Bar No. 27005)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland  21209-3600
(410) 580-3000
(410) 580-3001 *facsimile*
melissa.mackiewicz@piperrudnick.com

Attorneys for Point Blank Body Armor, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| POINT BLANK BODY ARMOR, INC.<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>ALLEN PRICE, et al.<br><br>Defendants/Counter-Plaintiffs. | Civil Action No.<br><br>MJG-01 CV-3256 |

**MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE EVIDENCE,
TESTIMONY, AND ANY REFERENCE TO THE JURY
REGARDING PLAINTIFF'S FORMER CLAIMS AND
DEFENDANTS' REQUEST FOR ATTORNEY'S FEES**

Plaintiff/Counter-Defendant, Point Blank Body Armor, Inc. ("Point Blank"), by its undersigned counsel, submits this Memorandum in support of its Motion in Limine to exclude evidence, testimony, and any reference to (1) Point Blank's Former Claims for misuse of confidential information and misappropriation of trade secrets against Defendants/Counter-Plaintiffs, Allen Price, Joseph Krummel, and James Murray (collectively, "Defendants/Counter-Plaintiffs), and (2) Defendants/Counter-Plaintiffs' request for attorney's fees pursuant to Md. Comm. Law II Code Ann., § 11-1204. In support thereof, Point Blank states:

**ARGUMENT**

In their proposed Pre-Trial Order, the Defendants/Counter-Plaintiffs have stated their intent to argue, in accordance with Md. Comm. Law II Code Ann., § 11-1204, their claims for attorney's fees and expenses in defending Point Blank's trade secrets claims to the jury. (Proposed Pre-Trial Order at 4). In support of this claim for attorney's fees,

Defendants/Counter-Plaintiffs seek to present evidence to the jury "that Point Blank acted in bad faith when it brought and pursued its claims for trade secret misappropriation." (Proposed Joint Neutral Case Summary For Voir Dire at 2).

As a result of prior rulings of this Court, which constitute the law of this case, the alleged evidence, testimony, and references to the jury regarding (1) Point Blank's former claims for misuse of confidential information and misappropriation of trade secrets, and (2) Defendants/Counter-Plaintiffs' claim for attorney's fees are irrelevant. The only motivation for Defendants/Counter-Plaintiffs' attempt to interject testimony and evidence regarding Point Blank's former trade secrets claims and their claim for attorney's fees into the trial of this action is to confuse the issues, mislead the jury, and prejudice Point Blank. Moreover, even if Defendants/Counter-Plaintiffs did have a viable counterclaim for attorney's fees, the question of whether Point Blank acted in bad faith is a question of law for the Court, not a question of fact for the jury.

### The Law Of The Case Doctrine Is Applicable

Defendants/Counter-Plaintiffs seek to present testimony and evidence to the jury that Point Blank's claim for misappropriation of trade secrets was made in bad faith. Defendants/Counter-Plaintiffs fail to recognize, however, that this issue has already been decided by this Court and under the law of the case doctrine, a court should not reopen issues decided in earlier stages of the same litigation. *Messenger v. Anderson*, 225 U.S. 436, 444, 32 S. Ct. 739, 740 (1912).

In the Spring and Summer of 2002, the parties filed cross-motions for summary judgment on Point Blank's claims for misuse of confidential information (Count I) and misappropriation of trade secrets (Count II). On March 12, 2003, this Court, following a hearing on the merits, denied Point Blank's Motion for Summary Judgment and granted in part and denied in part Defendants/Counter-Plaintiffs' Motion for Summary Judgment. Specifically, the Court awarded

summary judgment to Defendants/Counter-Plaintiffs on Counts I and II of Point Blank's Complaint, but denied Defendants/Counter-Plaintiffs' request for attorney's fees. (Memorandum and Order at 21). With respect to Defendants/Counter-Plaintiffs' request for attorney's fees, the Court held that Defendants/Counter-Plaintiffs did not demonstrate that Point Blank's trade secrets claims were brought in bad faith and thus, Defendants/Counter-Plaintiffs were not entitled to attorney's fees pursuant to Md. Comm. Law II Code Ann., § 11-1204. The Opinion stated (Memorandum and Order at 19-20):

> C.   Attorney's Fees
>
> Under the MUTSA [Maryland Uniform Trade Secrets Act], reasonable attorney's fees may be awarded to a prevailing party if "a claim of misappropriation is made in bad faith." Md. Code. Ann. (Comm.) § 11-1204(1). Maryland Courts have held that a finding that a party acted in "bad faith" under the MUTSA requires "clear evidence that the action is entirely without color and taken for other improper purposes...." Opti Graphics, Inc. v. Agee, 591 A.2d 578, 588 (Md. Ct. Spec. Apps. 1991), citing, Needle v. White, 568 A.2d 856 (Md. 1990).
>
> *   *   *
>
> This Court does not find, therefore, clear evidence that the action was <u>entirely</u> without color. Accordingly, there will be no award of legal fees.

Accordingly, Point Blank's trade secrets claims, and Defendants/Counter-Plaintiffs request for attorney's fees and expenses in defending Point Blank's trade secrets claims have been decided by this Court at a previous stage of this case and may not be reargued by Defendants/Counter-Plaintiffs to the jury during trial.

**Evidence Which Is Not Relevant Is Inadmissible And
Even If Relevant, Prejudicial Evidence May Be Excluded**

Rule 402 of the Federal Rules of Evidence provides, in pertinent part, "[e]vidence which is not relevant is not admissible." Defendants/Counter-Plaintiffs are proceeding to trial on their

claims for breach of contract, unjust enrichment, and violation of the Maryland Wage Payment and Collection Act. Whether Point Blank acted in bad faith in pursuing its former trade secrets claims is not relevant to any of the claims that Defendants/Counter-Plaintiffs will present to the jury and thus, this irrelevant evidence is not admissible.

Moreover, assuming *arguendo* that Point Blank's pursuit of its trade secret claims was relevant Defendants/Counter-Plaintiffs' breach of contract, unjust enrichment and/or wage payment claim, Rule 403 of the Federal Rules of Evidence provides for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of delay, waste of time, or needless presentation of cumulative evidence." The only motivation for Defendants/Counter-Plaintiffs' attempt to interject testimony and evidence regarding Point Blank's former trade secrets claims and Defendants/Counter-Plaintiffs' claim for attorney's fees into the trial of this action, is to confuse the issues, mislead the jury, and therefore prejudice Point Blank. Accordingly, such evidence, if relevant, should be excluded.

### Finding Of Bad Faith Is A Question Of Law For The Court

It is settled that under the Maryland Uniform Trade Secrets Act ("MUTSA"), a **court**, not a jury, may award reasonable attorney's fees to a prevailing party if the claim of misappropriation of trade secrets was brought in bad faith. Md. Comm. Law II Code Ann., § 11-1204; *Contract Materials Processing, Inc. v. Kateleuna GMBH Catalysts,* 222 F. Supp. 2d 733, 744 (2002). As this Court articulated in its March 12, 2003 Memorandum Opinion and Order, to succeed on a request for attorneys fees under MUTSA, the **court** must find "clear evidence that the action is entirely without color and taken for other improper purposes," *citing Opti Graphics, Inc. v. Agee,* 87 Md. App. 770, 795, 591 A.2d 578, 588 (1991). (Memorandum and Order at 19).

Further, before meting out the extraordinary sanction of attorney's fees the **judge** must make two separate findings: (1) that the proceeding was maintained in bad faith, and (2) that the bad faith merits the imposition of attorney's fees. *Inlet Assoc. v. Harrison Inn*, 324 Md. 254, 267-68, 596 A.2d 1049, 1055-56 (1991). The **trial court's** determination as to whether a proceeding was maintained in bad faith **is a question of law.** *Id.* This Court has decided this question of law and ruled that it did not find "clear evidence that the action was <u>entirely</u> without color. Accordingly, there will be no award of legal fees" to Defendants/Counter-Plaintiffs. (Memorandum and Order at 20). Thus, even if Defendants/Counter-Plaintiffs had a viable claim for attorney's fees under MUTSA, it is not a question of fact for the jury to decide.

## CONCLUSION

For the foregoing reasons, Point Blank respectfully requests that this Court exclude any evidence, testimony or reference to the jury regarding (1) Point Blank's former claims for misuse of confidential information and misappropriation of trade secrets and (2) Defendants/Counter-Plaintiffs' request for attorney's fees pursuant to Md. Comm. Law II Code Ann., § 11-1204.

Respectfully submitted,

*Paula M. Junghans* (MLM)
Paula M. Junghans (Bar No. 00589)
PIPER RUDNICK LLP
1200 Nineteenth Street NW
Washington DC  20036-2412
(202) 861-3905
(202) 689-7537 *facsimile*
paula.junghans@Piperrudnick.com

~BALT1:3657326.v1 |6/23/03
308696-1

_____
*/s/ Melissa L. Mackiewicz*
Melissa L. Mackiewicz (Bar No. 27005)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000
(410) 580-3001 *facsimile*
melissa.mackiewicz@piperrudnick.com

Attorneys for Point Blank Body Armor, Inc.

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of June, 2003, a copy of the foregoing Motion in Limine to Exclude Evidence, Testimony, and Any Reference to Plaintiff's Former Claims and Defendants' Request for Attorney's Fees, and the memorandum in support thereof, was delivered via electronic case filing and hand-delivery to:

>Robert S. Brennen, Esquire
>William M. Krulak, Esquire
>Miles & Stockbridge
>10 Light Street
>Baltimore, Maryland 21202

_____
Melissa L. Mackiewicz