IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

POINT BLANK BODY ARMOR, INC.

        Plaintiff/Counter-Defendant,

v.

ALLEN PRICE, et al.

        Defendants/Counter-Plaintiffs.

Civil Action No.

MJG-01 CV-3256

## PROPOSED JURY INSTRUCTIONS

    Plaintiff/Counter-Defendant, Point Blank Body Armor, Inc., by its undersigned counsel, submits the following proposed jury instructions.

        Respectfully submitted,

*Paula M. Junghans (mm)*

Paula M. Junghans (Bar No. 00589)
Piper Rudnick LLP
1200 Nineteenth Street NW
Washington DC  20036-2412
(202) 861-3905
(202) 689-7537 *facsimile*

*M Mackiewicz*

Melissa L. Mackiewicz (Bar No. 27005)
Piper Rudnick LLP
6225 Smith Avenue
Baltimore, Maryland  21209-3600
(410) 580-3000
(410) 580-3001 *facsimile*

Attorneys for Point Blank Body Armor, Inc.

PROPOSED JURY INSTRUCTION NO. 1
**JUROR ATTENTIVENESS**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 71-1 (2003)

PROPOSED JURY INSTRUCTION NO. 2
**ROLE OF THE COURT**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out an instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violated your sworn duty to base a verdict upon any other view of the law than that which I give you.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 71-2 (2003)

## PROPOSED JURY INSTRUCTION NO. 3
### ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said – or what I may say in these instructions – about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trail are not any indication of my views of what your decision should be as to whether or not [each Plaintiff] has proven his case.

I also ask you to draw no inferences from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case. As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 71-3 (2003) [modified]

PROPOSED JURY INSTRUCTION NO. 4
**JUROR OATH**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 71-4 (2003)

PROPOSED JURY INSTRUCTION NO. 5
**JURY TO DISREGARD COURT'S VIEW**

I have no expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, outside your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence. Of course, you will dismiss from your mind completely, entirely any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the court and counsel held out of your hearing or sight.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions,* 71-5 (2003)

PROPOSED JURY INSTRUCTION NO. 6
**CONDUCT OF COUNSEL**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling of law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 71-6 (2003)

PROPOSED JURY INSTRUCTION NO. 7
**RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex, or age.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the Defendant to influence you in any way.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 71-9 (2003)

PROPOSED JURY INSTRUCTION NO. 8
**SYMPATHY**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence of lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 71-10 (2003)

PROPOSED JURY INSTRUCTION NO. 9
**CORPORATE PARTIES**

In this case, [the Defendant] is a corporation.  The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 72-1 (2003) [modified]

PROPOSED JURY INSTRUCTION NO. 10
**MULTIPLE PARTIES**

a.    Plaintiffs

The rights of the Plaintiffs in this action are separate and distinct.  The cases are being tried together for convenience.  You should decide each Plaintiff's case as if it were a separate action.  These instructions apply to each Plaintiff unless otherwise indicated.

\*    \*    \*

Maryland Civil Pattern Jury Instruction 1:11 (4th ed. 2002) [modified]

PROPOSED JURY INSTRUCTION NO. 11
**BURDEN OF PROOF**

This is a civil case and as such [each] Plaintiff has the burden of proving the material allegation of his complaint (*e.g.*, by a fair preponderance of the evidence).

If after considering all of the testimony you are satisfied that [each] Plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the Plaintiff on his claims.  If after such consideration you find the testimony of both parties to be in balance or equally probable, then the Plaintiff has failed to sustain his burden and you must find for the Defendant.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 73-1 (2003) [modified]

PROPOSED JURY INSTRUCTION NO. 12
**BURDEN OF PROOF – PREPONDERANCE OF EVIDENCE STANDARD**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that [the Plaintiff], the party bearing the burden of proof, has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide against [the Plaintiff], the party having this burden of proof. That is because the party bearing this burden of proof must prove move than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely trust than not true – then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 73-2 (2003) [modified]

PROPOSED JURY INSTRUCTION NO. 13
**WHAT IS AND IS NOT EVIDENCE**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts. By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question. The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose – such as for the purpose of assessing a witness' credibility – you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if you recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court. To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 74-1 (2003)

PROPOSED JURY INSTRUCTION NO. 14
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense form one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value that direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict be based on (*e.g.*, a preponderance of) all of the evidence presented.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 74-2 (2003)

PROPOSED JURY INSTRUCTION NO. 15
**JUDICIAL NOTICE**

I have taken judicial notice of certain facts which are not subject to reasonable dispute.  I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true.  You are required to accept these facts as true in reaching your verdict.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 74-3 (2003)

PROPOSED JURY INSTRUCTION NO. 16
**STIPULATION OF FACTS**

A stipulation of facts is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 74-4 (2003)

PROPOSED JURY INSTRUCTION NO. 17
**STIPULATION OF TESTIMONY**

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect, if any, to be given to that testimony.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 74-5 (2003)

PROPOSED JURY INSTRUCTION NO. 18
**INTERROGATORIES**

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side.  Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence.  It is up to you to determine what weight, if any, should be given to the interrogatory answers which has been admitted as evidence.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 74-13 (2003)

PROPOSED JURY INSTRUCTION NO. 19
**DEPOSITIONS**

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 74-14 (2003)

PROPOSED JURY INSTRUCTION NO. 20
**INFERENCE DEFINED**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been slow to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while, you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 75-1 (2003)

PROPOSED JURY INSTRUCTION NO. 21
**EFFECT OF INFERENCE ON BURDEN OF PROOF –**
**INFERENCE AGAINST DEFENDANT DOES NOT SHIFT BURDEN OF PROOF**

The mere existence of an inference against the Defendant does not relieve [each] Plaintiff of the burden of establishing his case by a preponderance of the evidence. If the Plaintiff is to obtain a verdict, you must still believe from the credible evidence that he has sustained the burden case upon him. If he has failed, then your verdict must be for the Defendant. If you should find that all of the evidence is evenly balanced, then the Plaintiff has failed to sustain the burden of proof and your verdict should be for the Defendant.

If and only if you determine, after carefully weighing all the evidence, that the facts favor the Plaintiff by the standard I have articulated, then he has met the burden of proof.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 75-2 (2003)

PROPOSED JURY INSTRUCTION NO. 22
**WITNESS CREDIBILITY**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the trust and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor – that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as will as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, or know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness, and probability of his testimony and its consistency or lack consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in this case. Always remember that you should use your common sense, your good judgment and your own life experience.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 76-1 (2003)

PROPOSED JURY INSTRUCTION NO. 23
**BIAS**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.  In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 76-2 (2003)

PROPOSED JURY INSTRUCTION NO. 24
**INTEREST IN OUTCOME**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his testimony.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 76-3 (2003)

PROPOSED JURY INSTRUCTION NO. 25
**DISCREPANCIES OF TESTIMONY**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 76-4 (2003)

PROPOSED JURY INSTRUCTION NO. 26
**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 76-5 (2003)

PROPOSED JURY INSTRUCTION NO. 27
**CONTRACT – DEFINED**

A contract is an agreement between two or more parties creating rights or obligations.

Maryland Civil Pattern Jury Instruction 9:1 (2003)

PROPOSED JURY INSTRUCTION NO. 28
**ELEMENTS OF A CONTRACT**

A contract consists of the following five elements:

    (1)      There must be two or more parties;

    (2)      The parties must have legal capacity to make the agreement;

    (3)      The parties must have mutually agreed to the contract;

    (4)      The parties must have stated with reasonable certainty what they have undertaken;

    (5)      There must be consideration for the promise or promises.

Maryland Civil Pattern Jury Instruction 9:2 (2003)

PROPOSED JURY INSTRUCTION NO. 29
**PROMISE – DEFINED**

A promise is an expression by words or conduct that the person will perform or not perform certain acts in accordance with their promise.

Maryland Civil Pattern Jury Instruction 9:3 (2003)

PROPOSED JURY INSTRUCTION NO. 30
**BREACH OF CONTRACT**

In order to recover on its breach of contract claim, each of the Plaintiffs must individually prove by a preponderance of the evidence that:

1.    a contract was formed;

2.    the Defendant materially breached the contract; and

3.    the Plaintiff suffered actual damages as a result of the breach.

*Parlette v. Parlette*, 88 Md. App. 628, 640, 596 A.2d 665, 671 (1991).

PROPOSED JURY INSTRUCTION NO. 31
**CONTRACT INTERPRETATION**

a.      Generally

A contract is to be interpreted so as to give effect to the parties' intentions at the time the contract was made.  Usually these intentions are shown by the words and terms used in the contract.  These words and terms are to be given their ordinary meaning unless such meaning will have an unreasonable result.  Each sentence of the contract should be interpreted in view of the other sentences of the contract.

*       *       *

c.      Undisputed Interpretation by One Party

If when the contract was made, one party knew or should have known that the other party interpreted the contract in a certain way and did not object to that interpretation, the contract is to be interpreted in that way.

Maryland Civil Pattern Jury Instruction 9:20 (2003)

PROPOSED JURY INSTRUCTION NO. 32
**MATERIAL BREACH**

A material breach by one party relieves the other party from the duty of performance. A breach is material if it affects the purpose of the contract in an important or vital way.

Maryland Civil Pattern Jury Instruction 9:25 (2003)

PROPOSED JURY INSTRUCTION NO. 33
**INDUCING BREACH OF CONTRACT**

A party to a contract cannot recover for a breach of that contract if he or she knowingly caused the other party to commit the breach.

Maryland Civil Pattern Jury Instruction 9:28 (2003)

PROPOSED JURY INSTRUCTION NO. 34
**CONSIDER DAMAGES ONLY IF NECESSARY**

If the Plaintiff has proven by a preponderance of the credible evidence that Defendant is liable on the Plaintiff's claim, then you must determine the damages to which the Plaintiff is entitled. However, you should not infer that the Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the Plaintiff is entitled to recovery.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 77-1 (2003)

PROPOSED JURY INSTRUCTION NO. 35
**DAMAGES AS A REMEDY FOR BREACH OF CONTRACT –
CONSEQUENTIAL DAMAGES**

[If you find for a Plaintiff on his breach of contract claim, then you must go on to consider damages.]  In an action for breach of contract, the Plaintiff may recover those damages which naturally arise from the breaking of the contract.  The Plaintiff is entitled to be placed in the same situation as if the contract had not been broken, [which is the difference between the value of what he agreed to and the value of what he received].

Maryland Civil Pattern Jury Instructions 10:28 and 10:29 (2003) [modified]; *Weisman v. Connors,* 69 Md. App. 732, 519 A.2d 795 (1987), *rev'd and rem'd on other grounds*, 312 Md. 428, 540 A.2d 783, *appeal after remand*, 76 Md. App. 488, 547 A.2d 636 (1988), *cert. denied,* 314 Md. 497, 551 A.2d 868 (1989).

PROPOSED JURY INSTRUCTION NO. 36
**ELEMENTS OF UNJUST ENRICHMENT**

In order for it to recover on his unjust enrichment claim, each Plaintiff must prove, by a preponderance of the evidence:

1.    A benefit conferred upon the Defendant by the Plaintiff;

2.    An appreciation or knowledge by the Defendant of the benefit; and

3.    The acceptance or retention by the Defendant of the benefit under such circumstances as to make it inequitable for the Defendant to retain the benefit without the payment of its value.

*Mass Transit Admin. v. Granite Const. Co.*, 57 Md. App. 766, 774, 471 A.2d 1121 (1984).

## PROPOSED JURY INSTRUCTION NO. 37
### UNJUST ENRICHMENT DAMAGES

The remedy for unjust enrichment is restitution. The goal of restitution is to disgorge the wrongdoer of any benefits that it would be unjust for the wrongdoer to keep. Thus, in an action for unjust enrichment, the Plaintiff may recover the amount of the benefit conferred upon Defendant by the Plaintiff.

*See Magan v. Medical Mutual Ins. Society of Maryland*, 331 Md. 535, 541-42, 629 A.2d 626, 629-30 (1993) (quoting 5 CORBIN ON CONTRACTS § 1107, at 573 (1964); *Consumer Protection Division v. Consumer Publ'g Co.*, 304 Md. 731, 776, 501 A.2d 48, 71-72 (1985); *Mass Transit Admin. v. Granite Const. Co.*, 57 Md. App. 766, 775, 471 A.2d 1121 (1984).

PROPOSED JURY INSTRUCTION NO. 38
**EMPLOYER - DEFINED**

"Employer" includes a person who employs an individual in [Maryland].

Md. Lab. & Empl. Code Ann., § 3-501(b) (2002)

PROPOSED JURY INSTRUCTION NO. 39
**WAGE - DEFINED**

"Wage" means all compensation that is due to an employee for employment.

"Wage" includes:

(1)     A bonus;

(2)     A commission;

(3)     A fringe benefit; or

(4)     Any other remuneration promised for service.

Md. Lab. & Empl. Code Ann., § 3-501(c) (2002)

PROPOSED JURY INSTRUCTION NO. 40
**PAYMENT ON CESSATION OF EMPLOYMENT**

Each employer shall pay an employee … all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated.

Md. Lab. & Empl. Code Ann., § 3-505 (2002)

PROPOSED JURY INSTRUCTION NO. 41
**TREBLE DAMAGES / BONA FIDE DISPUTE**

If, in an action for unpaid wages, you find that the Defendant withheld the wages of the Plaintiff in violation of the Maryland Wage Payment and Collection Law and not as a result of a bond fide dispute, you may award the Plaintiff an amount up to – but not more than – three times the wage.

What constitutes a bona fide dispute depends on the facts and circumstances of each case. In general, a bona fide dispute exists when a party acts in good faith and without deceit or fraud in taking a position and pursuing the dispute. You must determine whether the party making or resisting a claim had a good faith basis for doing so, that is, whether there was a legitimate difference of opinion over the validity of the claim or the amount claimed.

Md. Lab. & Emp. Code Ann., §3-507.1(b) (2002); *Admiral Mortgage, Inc. v. Cooper,* 357 Md. 533, 745 A. 2d 1026 (2000)

PROPOSED JURY INSTRUCTION NO. 42
**RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY;
COMMUNICATIONS WITH COURT**

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony.

Your requests for exhibits or testimony – in fact any communication with the court – should be made in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 78-1 (2003)

PROPOSED JURY INSTRUCTION NO. 43
**DUTY TO DELIBERATE / UNANIMOUS VERDICT**

You will now return to decide the case. In order to prevail, [each] Plaintiff must sustain his burden of proof as I have explained to you with respect to each element of [his] complaint. If you find that [a] Plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that [a] Plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against [him].

It is your duty as jurors to consult with one another and to deliberate with a view of reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict of solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for [any] party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and you discussion with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

4 Leonard B. Sand, *et al., Modern Federal Jury Instructions*, 76-4 (2003) [modified]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of June, 2003, a copy of the foregoing

Proposed Jury Instructions was delivered via electronic case filing and hand delivery to:

> Robert S. Brennen, Esquire
> William M. Krulak, Esquire
> Miles & Stockbridge
> 10 Light Street
> Baltimore, Maryland  21202

Melissa L. Mackiewicz