UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| POINT BLANK BODY ARMOR, INC. | * |
| Plaintiff, | * |
| v. | * |
| ALLEN PRICE, JOSEPH KRUMMEL, and JAMES MURRAY | * |
| Defendants. | * |
| | Civil Action No. MJG 01 CV 3256 |
| ALLEN PRICE, JOSEPH KRUMMEL, and JAMES MURRAY | * |
| Counter-plaintiffs, | * |
| v. | * |
| POINT BLANK BODY ARMOR, INC. | * |
| Counter-defendant. | * |

**DEFENDANTS' AND COUNTER-PLAINTIFFS'**
**REQUESTED JURY INSTRUCTIONS**

Defendants and Counter-plaintiffs Allen Price ("Price"), Joseph Krummel ("Krummel"), and James Murray ("Murray"), by their attorneys, Robert S. Brennen and William M. Krulak, Jr. submit the following requested jury instructions.

Dated: June 26, 2003              /s/
                                  Robert S. Brennen
                                  William M. Krulak, Jr.
                                  Miles & Stockbridge P.C.
                                  10 Light Street, Suite 1200
                                  Baltimore, Maryland 21202-1487
                                  (410) 727-6464
                                  Attorneys for Defendants and Counter-plaintiffs
                                  Allen Price, Joseph Krummel, and James Murray

## *INDEX*

1. Juror Attentiveness

2. Role of The Court

3. Burden of Proof - General

4. Burden of Proof-Preponderance of the Evidence

5. Direct and Circumstantial Evidence

6. Judicial Notice

7. Stipulation of Facts

8. Interrogatories

9. Depositions

10. Inference Defined

11. Witness Credibility

12. Impeachment by Prior Inconsistent Statements

13. Compensatory Damages

14. Right to See Exhibits and Hear Testimony; Communications With Court

15. Duty to Deliberate/Unanimous Verdict

16. Special Verdict

17. Partial Verdict – Multiple Parties

18. Contract - Defined

19. Breach of Contract

20. Anticipatory Breach

21. Preparation to Compete

22. Construction Against Draftsman

23. Course of Dealing - Defined

24. Unjust Enrichment

25. Recovery of Unpaid Wages

26. Wages – Defined

27. Bona Fide Dispute – Defined

28. Violation of the Maryland Uniform Trade Secrets Act

29. Purpose of the Securities Act of 1933

30. Registration Requirement

31. No Prohibition on Issuing Un-Restricted Shares to the Defendants

32. No Prohibition on Issuing Options to Purchase Un-Restricted Shares to the Defendants

33. Conditions to Legal Issuance of Un-Registered, Restricted Stock, Options, or Warrants

34. Accredited Investor – Defined

35. A Contract For The Issuance Of Securities Qualifies As A Sale Of Securities Even If Conditional On Future Performance

36. Disclosure of Material Facts Required in Connection with a Sale of Securities

## *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION 29*

## **PURPOSE OF SECURITIES ACT OF 1933**

One of the purposes of the Securities Act of 1933 is to require that investors receive financial and other significant information concerning securities and the company issuing the securities and to prohibit deceit, misrepresentations, and other fraud in the sale of securities. One of the primary ways that the Securities Act accomplishes those goals is by requiring companies to register their securities with the Securities and Exchange Commission, a process that requires those companies to make public financial and other significant information.

Description issues by United States Securities and Exchange Commission
Securities Act of 1933, Section 2

## *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED*

## *INSTRUCTION 30*

### REGISTRATION REQUIREMENT

In order to fulfill the purpose of protecting the public, the securities laws require that offers for sale of all securities in the United States be registered.  It is illegal for a company to offer to sell un-registered securities in the United States unless the offer or sale falls within an applicable exceptions defined by the securities laws.

Securities Act of 1933, Sections 5 and 4

## *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED*

## *INSTRUCTION 31*

### NO PROHIBITION ON ISSUING UN-RESTRICTED SHARES TO THE DEFENDANTS

A corporation such as DHB Industries, Inc. ("DHB") may issue un-restricted shares of stock to employees or others, provided that those shares have been registered with the U.S. Securities and Exchange Commission through the filing of a registration statement.  In fact, SEC has promulgated a form, which is available through the SEC's Internet web site, known as Form S-8, for the purpose of accomplishing such a registration.  DHB was in no way legally prohibited from filing such a registration statement with respect to shares it may have agreed to issue to Mr. Price, Mr. Krummel, or Mr. Murray.  In other words, if you find that Point Blank had agreed to provide un-restricted, freely trade-able shares to Mr. Price, Mr. Krummel, and Mr. Murray, Point Blank was able to do so legally.


Securities Act of 1933, Section 6, Rule 405
United States Securities and Exchange Commission Form S-8

## *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED*

## *INSTRUCTION 32*

## NO PROHIBITION ON ISSUING OPTIONS TO PURCHASE UN-RESTRICTED SHARES TO THE DEFENDANTS

A corporation such as DHB Industries, Inc. ("DHB") may issue options to purchase un-restricted shares of stock to employees or others, provided that the shares subject to the those options have been registered with the U.S. Securities Exchange Commission through the filing of a registration statement. In fact, SEC has promulgated a form, which is available through the SEC's Internet web site, known as Form S-8, for the purpose of accomplishing such a registration. DHB was in no way legally prohibited from filing such a registration statement with respect to options it may have agreed to issue to Mr. Price, Mr. Krummel, or Mr. Murray.  In other words, if you find that Point Blank had agreed to issue options to purchase un-restricted, freely trade-able shares to Mr. Price, Mr. Krummel, and Mr. Murray, Point Blank was able to do so legally.


Securities Act of 1933, Section 6, Rule 405
United States Securities and Exchange Commission Form S-8

## *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED*

## *INSTRUCTION 33*

### CONDITIONS TO LEGAL ISSUANCE OF UN-REGISTERED, RESTRICTED STOCK, OPTIONS, OR WARRANTS

Unless the recipient is an "Accredited Investor," a company cannot legally issue restricted, unregistered securities such as stock, options to purchase stock, or warrants to purchase stock in accordance with the exemptions to the registration requirements of the Securities Act of 1933 unless the company has provided certain required information to the person receiving the securities before that person enters into the agreement through which the securities are being offered. That information must include:

- Information material to an understanding of the company's business, including the company's most recent annual report and financial statements; and
- Information about the securities being offered.

In addition, the company offering the un-registered and restricted securities is required to provide the person with an opportunity, prior to accepting the offering, to ask questions and receive answers concerning terms and conditions of offering. Finally, the company must advise the person of the limitations on resale of the securities prior to entering the agreement.

Securities Exchange Commission Regulation D, Rule 502

*DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED*

*INSTRUCTION 34*

**DEFINITION OF ACCREDITED INVESTOR**

In order to qualify as an "Accredited Investor" such that a company may legally issue un-registered and restricted securities to you without providing to you the information that I just described, you must be a:

- A bank;
- A private business development company;
- A tax-exempt non-profit organization;
- A director, executive officer, or general partner of the company issuing the securities;
- A person with net worth in excess of $1,000,000;
- A person with annual income for each of the two years preceding the transaction of at least $200,000;
- A trust with more than $5,000,000 in assets; or
- An entity owned by accredited investors.

Securities Exchange Commission Regulation D, Rule 501

### *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED*

### *INSTRUCTION 35*

**A CONTRACT FOR THE ISSUANCE OF SECURITIES QUALIFIES AS A SALE OF SECURITIES EVEN IF CONDITIONAL ON FUTURE PERFOMANCE**

An agreement between an employer and an employee whereby the employer agrees to furnish stock to the employee in return for future performance constitutes a "sale" of stock under the Securities Act of 1933, even if the agreement is never fully performed.

*Yoder v. Orthomolecular Nutrition Institute, Inc.*, 751 F.2d 555, 559-60 (2nd Cir. 1985)

Securities Act of 1933, Section 2

## *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED*

## *INSTRUCTION 36*

### DISCLOSURE OF MATERIAL FACTS REQUIRED IN CONNECTION WITH SALES OF SECURITIES

It is a violation of Federal securities laws to fail to disclose material facts or to engage in deception in connection with the purchase or sale of a security.

Securities Exchange Act of 1934, Rule 10b-5