**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

POINT BLANK BODY ARMOR, INC.  *
           *
    Plaintiff,    *
           *
v.            *
           *
ALLEN PRICE,     *
JOSEPH KRUMMEL, and   *
JAMES MURRAY     *
           *
           *
    Defendants.   *
           *  Civil Action No. MJG 01 CV 3256
           *
ALLEN PRICE,     *
JOSEPH KRUMMEL, and   *
JAMES MURRAY     *
           *
    Counter-plaintiffs, *
           *
v.            *
           *
POINT BLANK BODY ARMOR, INC. *
           *
    Counter-defendant. *

---

**DEFENDANTS AND COUNTER-PLAINTIFFS'**
**OPPOSITION TO POINT BLANK'S MOTION IN LIMINE**

Defendants and Counter-Plaintiffs, Allen Price, Joseph Krummel, and James Murray (collectively referred to hereinafter as Defendants and Counter-Plaintiffs), by their undersigned attorneys, submit the following Memorandum in opposition to Plaintiff and Counter-Defendant Point Blank Body Armor, Inc.'s ("Point Blank") motion in limine to exclude evidence, testimony, and any reference to the jury regarding the purpose and manner in which Point Blank initiated and maintained its

claims against the Defendants and Counter-Plaintiffs under the Maryland Uniform Trade Secrets Act ("MUTSA").

## INTRODUCTION

Defendants and Counter-Plaintiffs seek to introduce evidence, by way of testimony and otherwise, that Point Blank initiated and maintained its MUTSA claims against them in bad faith. Some of such evidence was previously presented, in Defendants and Counter-Plaintiffs' papers and during oral argument on the parties' cross-motions for summary judgment. By order dated March 12, 2003, the Court ruled in favor of Defendants and Counter-Plaintiffs, granting summary judgment in their favor and denying Point Blank summary judgment on its claims. The Court's denial of summary judgment as to Defendants and Counter-Plaintiffs' claim for attorney's fees is not, however, a final determination of that issue. Even if the Court were to determine that its denial of Defendants and Counter-Plaintiffs' request for attorney's fees in the context of a motion for summary judgment is the law of the case, that in no way alters or diminishes the relevance of the manner in which Point Blank initiated and maintained its MUTSA claims in the context of Defendants and Counter-Plaintiffs' claim that Point Blank's failure to provide Defendants and Counter-Plaintiffs' with certain compensation was not the result of any bona fide dispute.

Point Blank's failure to pay compensation and the MUTSA claims are part of an easily recognizable pattern of retaliation designed to punish and extract revenge against Messrs. Price, Krummel, and Murray for their decision to leave Point Blank's employ. A substantial component of the case that will be presented to the jury will concern the utter lack of any proper basis for Point Blank's refusal to pay Defendants and Counter-Plaintiffs for their final week's wages. Reasonable inferences may be drawn by the jury connecting Point Blank's refusal to pay Defendants and Counter-Plaintiffs and

the improper institution and maintenance of the MUTSA claims.  The substance of Point Blank's claims, which have now all been summarily denied, is belied by Point Blank's current protestations that any reference to its previous behavior could only serve to prejudice Point Blank in the eyes of the jury.  The unrefuted record evidence is that David H. Brooks, the President and CEO of Point Blank's parent corporation stated unequivocally that he intended to use the Point Blank lawsuit as a tool to destroy the Defendants and Counter-Plaintiffs and their fledgling business.  Evidence of that and other actions by Point Blank and its representatives that Point Blank now moves to have excluded are indeed relevant to a determination of whether a bona fide dispute existed as to Defendants and Counter-Plaintiffs' compensation claims, or whether Point Blank simply refused to pay Messrs. Price, Krummel, and Murray what they had earned as part of a pattern of retaliation for their completely proper decision to leave Point Blank.[1]

## ARGUMENT

### I.    The Law of the Case Doctrine is Inapplicable.

Point Blank claims that its motion in limine should be granted based upon application of the "law-of-the-case doctrine."  (Memorandum, page 2 (citing *Messenger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 740 (1912))).  Point Blank claims the doctrine is applicable, as the question of whether "Point Blank's claim for misappropriation of trade secrets was made in bad faith" has already been decided by this Court.  (Memorandum, page 2).  A full reading of *Messenger* and the opinions of this Court interpreting *Messenger*, however, establishes that the doctrine does not command the force that Point Blank would argue, i.e. that it "merely expresses the practice of courts generally to refuse to

---

[1] Also included in this pattern of retaliatory activity was Point Blank's unjustified failure to pay commissions owed to Defendants and Counter-Plaintiffs' company, United States Ballistic Engineering, Inc.  Defendants and Counter-Plaintiffs intend to introduce evidence of that action as well.

reopen what has been decided, not a limit to their power." *Zeneca Ltd. v. Mylan Pharmaceuticals, Inc.*, 1996 WL 925640, *6 (D.Md.) (citing *Messenger*, 225 U.S. at 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912)). Point Blank's assertion that, based upon the *Messenger* "law-of-the-case" doctrine, Defendants and Counter-Plaintiffs "may not reargue[]" the bad faith institution and maintenance of Point Blank's trade secret claims, simply does not comport with the true nature of this judicial practice. As the *Zeneca* opinion further states, "[a] court has the power to revisit prior decisions of its own … in any circumstance …." *Id.* (citing *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 815-16, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1987)). Beyond Point Blank's overstatement of the force of this doctrine, Point Blank assumes, in contrast to the Court's Memorandum and Order, that the Court made a final determination regarding Defendants and Counter-Plaintiffs' bad faith claims.

In its Memorandum and Order issues on March 12, 2003, the Court stated at Conclusion Number 2 that Defendants and Counter-Plaintiffs' Motion for Summary Judgment was "GRANTED in part and DENIED in part" and specified this as holding that Defendants and Counter-Plaintiffs' "are hereby awarded summary judgment on Counts I and II of Plaintiff's Complaint" and "Defendants' request for attorney's fees is DENIED." (Memorandum and Order, pages 20-21). The denial of a motion for summary judgment on a particular claim is not a final determination of that issue on the merits, but, rather, and consistent with the standard applicable to the motions before the Court, a finding that, based upon the record then before the Court, genuine issues of fact existed that precluded a finding that Defendants and Counter-Plaintiffs were entitled to attorneys' fees as a matter of law. F.R.Civ.P. 56. The parties must assume that the Court applied the Legal Standard that it set forth in its Memorandum and Order, at pages six (6) and seven (7), when it denied Defendants and Counter-Plaintiffs' motion for summary judgment as to their claims of bad faith and when the Court denied Point Blank's motion for

summary judgment in full.  (Memorandum and Order pages 20-21.)  Based upon this reasoning, the Court's denial of the parties' cross-motions for summary judgment as to whether the trade secret claims were brought and maintained in bad faith did not result in the sort of decision that would be reached by the "law-of-the-case" doctrine.

II.     **Facts Relating to Point Blank's Bad Faith Institution and Maintenance of Its Trade Secret Claims are Relevant to the Wage Act Counterclaims.**

Point Blank argues that all evidence of the manner in which it brought and maintained its claims for trade secret misappropriation are irrelevant to the Defendants and Counter-Plaintiffs' claims for breach of contract, unjust enrichment, and violation of the Maryland Wage Payment and Collection Act. "Whether Point Blank acted in bad faith in pursuing its former trade secrets claims is not relevant to [any of those claims]."  (Memorandum, page 3-4).  Point Blank provides no meaningful analysis for this pronouncement, but the most cursory review of this litigation indicates that the Defendants and Counter-Plaintiffs contend that the original complaint filed by Point Blank, and the subsequent prosecution thereof, were part of the same retaliatory posture that animated Point Blank's original refusal to pay Defendants and Counter-Plaintiffs for their final week's wages and related actions to prevent Defendants and Counter-Plaintiffs from realizing the benefits of DHB Industries, Inc. stock and stock options to which they were also entitled as part of their compensation under their respective employment agreements with Point Blank.  The inter-relation between these various acts by Point Blank provides the relevance that Point Blank does not recognize.

Point Blank's claim that the "only motivation" for introducing testimony on its actions relating to its trade secrets claims "is to confuse the issues, mislead the jury, and therefore prejudice Point Blank" is both wrong and self-serving.  (Memorandum, page 4).  The Defendants and Counter-Plaintiffs' presentation of its claim that there was no bona fide dispute relating to wages that they were due will

necessarily involve evidence relating to the manner in which Point Blank initiated and maintained its original complaint. As Point Blank notes, Rule 403 of the Federal Rules of Evidence provides for the exclusion of relevant evidence if it is "unfair[ly] prejudice[ial]." (*Id.*) "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." *U.S. v. Naranjo*, 710 F.2d 1465, 1469 (10th Cir. 1983) (emphasis in original). Defendants and Counter-Plaintiffs believe that any prejudicial effect of the jury learning of Mr. David H. Brooks' threats to Mr. Price or hearing of the total absence of any evidence of actual or threatened misappropriation at the time Point Blank filed its complaint may be prejudicial but would be entirely fair, as it provides the complete context, including Point Blank's state of mind, in which the initial decision to deny Defendants and Counter-Plaintiffs their just compensation. Such evidence will expose for the jury that Point Blank's decision to deny that compensation was not the result of a reasoned conclusion that it was not owed, but was rather the product of revenge and a spiteful desire to injure Defendants and Counter-Plaintiffs in any way possible.

## CONCLUSION

WHEREFORE, Defendants and Counter-Plaintiffs respectfully request that the Court enter an Order denying Plaintiff and Counter-Defendant's Motion in Limine, and granting such further relief as the Court deems to be appropriate under the circumstances related above.

Date:   June 26, 2003

                                                 /s/

                                                Robert S. Brennen, Esquire #04499
William M. Krulak, Jr. Esquire #26452
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464
Attorneys for Defendants and Counterclaimants, Price, Krummel, and Murray