IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| POINT BLANK BODY ARMOR, INC.<br><br>       Plaintiff/Counter-Defendant,<br><br>v.<br><br>ALLEN PRICE, et al.<br><br>       Defendants/Counter-Plaintiffs. | Civil Action No.<br><br>MJG-01 CV-3256 |

## SECOND SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Plaintiff/Counter-Defendant, Point Blank Body Armor, Inc., by its undersigned counsel, submits the following supplemental proposed jury instructions.

Respectfully submitted,

_Paula M. Junghans (cmcm)_
Paula M. Junghans (Bar No. 00589)
Piper Rudnick LLP
1200 Nineteenth Street NW
Washington DC 20036-2412
(202) 861-3905
(202) 689-7537 _facsimile_

_M Mackiewicz_
Melissa L. Mackiewicz (Bar No. 27005)
Piper Rudnick LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000
(410) 580-3001 _facsimile_

Attorneys for Point Blank Body Armor, Inc.

**PROPOSED JURY INSTRUCTION NO. 33A**
**MULTIPLE DOCUMENTS FORMING ONE CONTRACT**

A contract can be composed of more than one document. Where several documents are made a part of a single transaction, they will all be read and construed together as evidencing the intention of the parties in regard to the single transaction. This is true even though the instruments are executed at different times.

*Rocks v. Brosius*, 241 Md. 612, 637 (1965); *Wheaton Lanes v. Rinaldi*, 236 Md. 525, 531 (1964)

## PROPOSED JURY INSTRUCTION NO. 33B
## CONDUCT EVIDENCING AGREEMENT

A contract may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of the contract. If one party offers to deliver something and the other party accepts it, the act of acceptance may be evidence that the thing delivered was that which was contracted for. In this case, if you find that Mr. Price, Mr. Krummel or Mr. Murray accepted restricted stock and warrants for restricted stock when they were provided by Point Blank, you may consider that evidence that the contract did not require Point Blank to deliver unrestricted stock or warrants for unrestricted stock.

*Maryland Supreme Corp. v. Blake Co.*, 279 Md. 531, 541-42 (1977).

308696-1

3

## PROPOSED JURY INSTRUCTION NO. 33C
## METHOD OF ACCEPTANCE

Acceptance of a contract term can be accomplished by acts as well as by words. A party's conduct sufficient to manifest acceptance of the terms of a written contract will bind that party to the written contract. Silence can also operate as acceptance. A party need not sign a contract in order to accept it. Therefore, if you find in this case that Messrs. Price, Krummel and Murray, or any of them, accepted the terms of the stock certificates and warrants either by their conduct or by silence, you may find that they agreed to accept restricted stock and warrants for restricted stock, and that Point Blank did not breach any contractual obligation by providing restricted stock and warrants for restricted stock.

*Porter v. General Boiler Casing Co.*, 284 Md. 402, 411-12 (1979).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2003, a copy of the foregoing Second Supplemental Proposed Jury Instructions was delivered via electronic case filing and hand delivery to:

>Robert S. Brennen, Esquire
>William M. Krulak, Esquire
>Miles & Stockbridge
>10 Light Street
>Baltimore, Maryland  21202

_____
Melissa L. Mackiewicz

~WASH1:3856262.v1