# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### NORTHERN DIVISION

| | | |
|---|---|---|
| POINT BLANK BODY ARMOR, INC. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| ALLEN PRICE, | * | |
| JOSEPH KRUMMEL, and | * | |
| JAMES MURRAY | * | |
| | * | |
| Defendants. | * | |
| | * | Civil Action No. MJG 01 CV 3256 |
| | * | |
| ALLEN PRICE, | * | |
| JOSEPH KRUMMEL, and | * | |
| JAMES MURRAY | * | |
| | * | |
| Counter-plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| POINT BLANK BODY ARMOR, INC. | * | |
| | * | |
| Counter-defendant. | * | |

## DEFENDANTS' AND COUNTER-PLAINTIFFS' SUPPLEMENTAL REQUESTED JURY INSTRUCTIONS

Defendants and Counter-Plaintiffs Allen Price ("Price"), Joseph Krummel ("Krummel"), and James Murray ("Murray"), by their attorneys, Robert S. Brennen and William M. Krulak, Jr. submit the following supplementasl requested jury instructions.

Dated: July 14, 2003                     /s/ _____
                                        Robert S. Brennen
                                        William M. Krulak, Jr.
                                        Miles & Stockbridge P.C.
                                        10 Light Street, Suite 1200
                                        Baltimore, Maryland 21202-1487
                                        (410) 727-6464
                                        Attorneys for Defendants and Counter-plaintiffs Allen Price, Joseph Krummel, and James Murray

# *INDEX*

1. Juror Attentiveness

2. Role of The Court

3. Burden of Proof - General

4. Burden of Proof-Preponderance of the Evidence

5. Direct and Circumstantial Evidence

6. Judicial Notice

7. Stipulation of Facts

8. Interrogatories

9. Depositions

10. Inference Defined

11. Witness Credibility

12. Impeachment by Prior Inconsistent Statements

13. Compensatory Damages

14. Right to See Exhibits and Hear Testimony; Communications With Court

15. Duty to Deliberate/Unanimous Verdict

16. Special Verdict

17. Partial Verdict – Multiple Parties

18. Contract – Defined

18A. Modification of Existing Contract

18B. Assent to Proposed Contract Modification

19. Breach of Contract

19A.  Claim for Breach

20. Anticipatory Breach

21. Preparation to Compete

22. Construction Against Draftsman

23. Course of Dealing - Defined

24. Unjust Enrichment

25. Recovery of Unpaid Wages

26. Wages – Defined

27. Bona Fide Dispute – Defined

28. Violation of the Maryland Uniform Trade Secrets Act

29. Purpose of the Securities Act of 1933

30. Registration Requirement

31. No Prohibition on Issuing Un-Restricted Shares to the Defendants

32. No Prohibition on Issuing Options to Purchase Un-Restricted Shares to the Defendants

33. Conditions to Legal Issuance of Un-Registered, Restricted Stock, Options, or Warrants

34. Accredited Investor – Defined

35. A Contract For The Issuance Of Securities Qualifies As A Sale Of Securities Even If Conditional On Future Performance

36. Disclosure of Material Facts Required in Connection with a Sale of Securities

## *DEFENDANTS' AND COUNTER-PLAINTIFFS'*
## *REQUESTED INSTRUCTION 18A*

## MODIFICATION OF EXISITING CONTRACT

A basis principle of contract law is that a party to a contract does not have any unilateral right to modify the terms to a contract it has entered into with another party. If you find that Point Blank entered into employment agreements with Messrs. Price, Krummel, and Murray in January 2001, then you may find that Point Blank's issuing restricted stock and warrants to purchase restricted stock to be an attempt to unilaterally modify the compensation terms of the employment agreements and that such unilateral modification was invalid and did not serve to modify any terms of the employment agreements entered into between Point Blank and Messrs. Price, Krummel, and Murray.

*Metropolitan Life Insurance Co. v. Promenade Towers Mutual Housing Corp.,* 84 Md.App. 702, 714, 581 A.2d 846, 852 (1990).

## *DEFENDANTS' AND COUNTER-PLAINTIFFS' REQUESTED INSTRUCTION 18B*

## ASSENT TO PROPOSED CONTRACT MODIFICATION

In order to assent to a proposal to modify terms of an existing contract, the party from which such a modification is sought will not be deemed to have consented to a modification by his silence. If you find that Point Blank entered into employment agreements with Messrs. Price, Krummel, and Murray in January 2001, then you may find that Point Blank's issuing restricted stock and warrants to purchase restricted stock to be an attempt to unilaterally modify the compensation terms of the employment agreements and that Messrs. Price, Krummel, and Murray were not required to state any formal objection to Point Blank's attempt to unilaterally modify the contract, as silence is insufficient to show assent to a modification.

*Cambridge Technologies, Inc. v. Argyle Industries, Inc.*, 146 Md.App. 415, 434, 807 A.2d 125, 135 (2002).

***DEFENDANTS' AND COUNTER-PLAINTIFFS'
REQUESTED INSTRUCTION 19A***

**CLAIM FOR BREACH**

A party has no duty to notify the other party of that party's breach of contract.  In general a party has three years from the breach to file a civil suit claiming that the other party had breached the contract.  If you find that Point Blank entered into employment agreements with Messrs. Price, Krummel, and Murray in January 2001, then you may find that Point Blank's issuing restricted stock and warrants to purchase restricted stock to be a breach of the compensation terms of Point Blank's employment agreements with Messrs. Price, Krummel, and Murray and that they were not required to tell Point Blank that they believed that Point Blank had breached the employment agreements.

*Cambridge Technologies, Inc. v. Argyle Industries, Inc.*, 146 Md.App. 415, 433, 807 A.2d 125, 134-35 (2002).

MD CODE ANN. COURTS AND JUDICIAL PROCEEDINGS §5-101 (2002).