IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALLEN PRICE, et al.<br>   Counter-Plaintiffs<br><br>v.<br><br>POINT BLANK BODY ARMOR, INC.<br>   Counter-Defendants | Civil Action No.<br><br>MJG 01 CV 3256 |

**OPPOSITION TO
COUNTER-PLAINTIFFS' MOTION
FOR COUNSEL FEES AND COSTS**

  Counter-Defendant, Point Blank Body Armor, Inc. ("Point Blank"), by its undersigned attorneys, opposes the Motion for Counsel Fees and Costs filed by the Counter-Plaintiffs, Allen Price, et al. (collectively, the "Individuals").

**LEGAL PRINCIPLES**

  The Individuals have moved for an award of counsel fees and costs pursuant to Local Rule 109.2 and MD. LABOR & EMP. CODE ANN., § 3-507.1(b) (the "Maryland Wage Payment and Collection Act"). Local Rule 109 does not establish any basis upon which a party may recover fees or costs, but merely provides a procedure for submission of a fee claim where such a claim is permitted to do so by another statute or rule. However, in order to permit the Court to evaluate a fee claim under an applicable statute or rule, a party making such a claim must comply with the procedural requirements of Local Rule 109.2.

  The Maryland Wage Payment and Collection Act, upon which the Individuals rely as the statutory basis for their fee claim, provides that, upon a finding "that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the

Court <u>may</u> award . . . <u>reasonable</u> counsel fees and other costs." MD. LABOR & EMP. CODE ANN., § 3-507(b)(1) (emphasis added). In determining whether or not to exercise its discretion to award any counsel fees at all and, if so, the amount thereof, the Court must apply the "lodestar" approach developed by the federal courts. <u>Friolo v. Frankel</u>, 373 Md. 501, 819 A.2d 354 (2003). Although the Maryland Court of Appeals has noted that the court's discretion should be "exercised liberally in favor of allowing a fee," it has also noted that the appropriate approach is "broader than simply hours spent times hourly rate but also includes careful consideration of appropriate adjustments to that product, which, in almost all instances, will be case-specific." <u>Id.</u>, 373 Md. at 371, 819 A.2d at 529-30.

In <u>Friolo</u>, the Court of Appeals directed courts reviewing fee applications to consider a number of factors, including the nature of the case, the issues presented, whether the party seeking an award prevailed on all or only part of his claims, the rate and fee arrangements prevalent in the community for similar cases, and the fee agreement between counsel and the party seeking the fee award. The trial court must then evaluate all of these factors in order to determine whether the fee is "reasonable" in light of the Maryland Rules of Professional Conduct.

In order to demonstrate an entitlement to a fee award, a party must not only satisfy the substantive requirements under the relevant statute, as discussed above, but must submit all of the information required by Local Rule 109.2, <u>i.e.</u>:

(a) the nature of the case;
(b) the claims as to which the party prevailed;
(c) the claims as to which the party did not prevail;
(d) a detailed description of the work performed broken down by hours or fractions thereof expended on <u>each</u> <u>task</u>;
(e) the attorney's customary fee for such like work;
(f) the customary fee for like work prevailing in the attorney's community;
(g) a listing of expenditures for which reimbursement is sought;
(h) <u>any additional factors which are required by the case law</u>; and

    (i)    any additional factors the attorney wishes to bring to the Court's attention.

(Emphasis added). As discussed in more detail below, the Individuals' claim fails to satisfy either the substantive or procedural requirements applicable to it.

## ARGUMENT

### 1.

### THE INDIVIDUALS' FEE CLAIM UNDER THE MARYLAND WAGE ACT SHOULD BE DENIED

#### A.

#### The Individuals Have Failed to Allocate Their Claim As Directed By the Court.

Point Blank has asked the Court to set aside the treble damages awarded with request the Individuals' stock claims and the jury's determination that there was no bona fide dispute as to the stock and warrant claims. See, Point Blank's Renewed Motion for Judgment as to Matter of Law, filed August 4, 2003. If the Court grants that Motion, then the only remaining claim as to which the Individuals will have prevailed which might give rise to a counsel fee claim under § 3-507.1(b) of the Maryland Wage Act is their salary claim, which produced a verdict in the aggregate amount of $26,538.44. Perhaps anticipating Point Blank's Motion, the Court, in its Memorandum Order of July 12, 2003, directed that the "Individuals must present evidence and their positions with regard to the amount of fee fairly allocable to the salary issue should [the Court] decide that an award of fees should be made with regard to that issue but not the others." (emphasis added).

The Individuals have ignored the Court's directive, contending that they are entitled to an award of $225,000 plus costs "even if the Court were to consider only the salary claims." See Memorandum in Support of Motion for Counsel Fees and Costs, at 14. The Individuals base this

position on their contention that <u>their entire</u> defense of Point Blank's MUTSA claims was necessary to provide their entitlement to their last week's wages, which aggregate $6,634.61. Even if the Court were to accept that proposition, the Court should have no difficulty in finding that an award of more than $200,000 is not justified by success on a claim of $6,634.61, or even the trebled award of $26,538.44. <u>See</u>, <u>Friolo v. Frankel</u>, ". . . it certainly would have been impermissible under Rule 1.5 for counsel to charge Ms. Friolo $57,000 based on a less-than-$12,000 recovery." 373 Md. at 528, 819 A.2d at 370.

The Individuals' stubborn refusal to allocate any <u>reasonable</u> portion of their counsel fees to the salary claim, especially in light of a specific direction by the Court to do so, should be grounds for denying <u>any</u> fee award with request to that claim.

**B.**

**In Any Event, The Individuals Have Not
<u>Demonstrated That Their Overall Claim Is Reasonable.</u>**

The Individuals contend that they are entitled to an overall award of attorney's fees and costs of $225,000 pursuant to the Maryland Wage Payment and Collection Act, MD. LABOR & EMP. CODE ANN., § 3-507.1. As discussed above, Maryland law requires that any award of attorney's fees and costs must be reasonable in light of the eight factors set forth in Rule 1.5 of the Maryland Rules of Professional Conduct which were approved by the Court of Appeals in <u>Attorney Grievance Commn. v. Korotki</u>, 318 Md. 646, 664-65 (1990). These guidelines require consideration of the following factors in determining the reasonableness of attorney's fees and costs (<u>id</u>.):

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or

by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

Accord, Maxima Corp. v. 6933 Arlington Dev. Ltd. Partn., 100 Md. App. 441, 454 (1993); Reisterstown Plaza v. General Nutrition Ctrs., Inc., 89 Md. App. 232, 247 (1991). Indeed, Rule 1.5 "puts a limit on what a lawyer may charge his or her own client." The Court of Appeals in Korotki, 318 Md. at 665, reserved on whether "there can ever be circumstances justifying a contingent fee in excess of fifty percent" but concluded that "it is generally a violation of the rule for the attorney's stake in the result to exceed the client's stake." Here, the amount allegedly billed to the Individuals ($315,000) equals about 48% of the amount recovered, and the amount claimed ($225,000) equals approximately 35%. Depending on the Court's resolution of Point Blank's outstanding Renewed Motion for Judgment as a Matter of Law, the claim may well exceed 50% of the final judgment, or may exceed the amount of the judgment altogether. Such a fee would not be a "reasonable" one.

It is also apparent that the Individuals' Motion completely fails to address factors (2), (5), (6), (7), and (8), and addresses factors (1) and (3) only in part. Accordingly, the Individuals have failed to present to the Court sufficient evidence from which it can determine what fee would be "reasonable" in this case.

Moreover, despite the fact that the Court has *twice* denied the Individuals' claim for attorneys' fees and costs with respect to the trade secrets portion of the case, it is patently obvious that the Individuals are attempting to resuscitate that claim under the guise of a claim under Maryland employment law. The Court has already spoken to that issue, and the Individuals have presented nothing that should cause the Court to revisit it.

**2.**

## THE INDIVIDUALS' FEE CLAIM
## DOES NOT COMPLY WITH LOCAL RULE 109.2

Local Rule 109.2 govern the Individuals' claim for their attorney's fees and costs in this matter. The Individuals contend that a $225,000 award for counsel fees and costs is "reasonable" in light of the fact that counsel for the Individuals expended more than 1,325 hours totaling $301,259 in attorney's fees and incurred approximately $13,000 in out-of-pocket expenses from the commencement of this litigation through trial. The Individuals have not attached detailed invoices (nor, indeed, any invoices) demonstrating that those fees and costs have actually been billed to and/or paid by the Individuals. In the absence of such invoices, or other information regarding the arrangement between the Individuals and their counsel with respect to the fees and costs (i.e., whether the case was accepted on an hourly basis, on a contingency, or there was a set fee established), it is impossible for Point Blank or the Court to determine the propriety of the amounts claimed. Disclosure of the applicable fee agreement is a sine qua non of the analysis mandated by Friolo v. Frankel, supra, and the Maryland Rules of Professional Conduct, which are incorporated into Local Rule 109.2.

Moreover, the Individuals have failed to provide the Court with the type of specific identification of legal services performed and time expended necessary for the Court to evaluate their request. Although counsel have provided, by category, the amount of time expended on various phases of the case, they have not complied with the mandate of Local Rule 109.2 that the fee request provide a "detailed description of the work preformed broken down by hours or fractions thereof expended on each task." (Emphasis added).

It is settled that an applicant for attorney's fees "has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." Costar Group,

Inc. v. Loopnet, Inc., 106 F. Supp.2d 780, 788 (D. Md. 2000); see also, In re Olson, 884 F.2d 1415, 1428 (D.C. Cir. 1989); Lightfoot v. Walker, 826 F.2d 516, 523 n. 7 (7th Cir. 1987); Grendel's Den, Inc. v. Larkin, 729 F.2d 945, 952 (1st Cir. 1984); Ramons v. Lamm, 713 F.2d 546, 533 (10th Cir. 1983); New York Assn. for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). "The records must specify, for each attorney, the date, the hours expended and the nature of the work done." Costar Group, 106 F. Supp.2d at 788, citing Carey, 711 F.2d at 1148. (emphasis added) "The court may reduce the number of hours awarded if the documentation is vague or incomplete." Costar Group, 106 F. Supp.2d at 788; see also, Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."); League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist., 119 F.3d 1228, 1233 (5th Cir. 1997) ("Litigants take their chances by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent."). This Court further explained in Costar Group that (106 F. Supp.2d at 789, citing Hensley, 461 U.S. at 434):

> [a]fter reviewing the billing records submitted, the court must ensure that the prevailing attorneys have exercised "billing judgment." Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended. Time that is "excessive, redundant, or otherwise unnecessary" should be excluded."

The effect of this failure is more than mere technical non-compliance. In assessing any attorney's fee claim, the Court will, of course, evaluate whether the work performed was necessary and whether it was performed in a manner that was both proficient and efficient. Point Blank is aware of a number of occasions on which the Individuals' counsel double (or even triple) teamed events where the presence of an individual attorney would have been adequate.

For example, both Mr. Brennen and Mr. Krulak attended all of the following depositions, although only Mr. Brennen conducted any examination:[1]

| | |
|---|---|
| Allen Price | June 25, 2002 |
| James Murray | June 25, 2002 |
| Joseph Krummel | June 25, 2002 |
| Sandra Hatfield | July 24, 2002 |
| Allen Price | May 7, 2003 |
| James Murray | May 7, 2003 |
| Scott Bauermaster | May 13, 2003 |
| Joseph Krummel | May 13, 2003 |

Similarly, Messrs. Bennett, Brennen, and Krulak all attended the hearing on the motions for summary judgment on March 4, 2003. Neither Point Blank nor the Court can evaluate what other instances of duplication may exist because the necessary specificity is lacking.[2]

The Individuals' submission is also inadequate to permit the Court to evaluate – and eliminate – time spent on activities which were meritless, redundant, or irrelevant. For example, on May 8, 2002, the Individuals filed their Motion to Strike Portions of Sandra Hatfield's Affidavit and certain exhibits thereto, a Motion which the Court ultimately characterized as "completely off-base" because "as counsel should have well-known, . . . there is no valid basis to strike from the record any of the statements at issue." See, Memorandum and Order re: Procedural Motions, February 19, 2003. In the same vein, on April 24, 2003, the Individuals filed an Order for Default related to Point Blank's omission of an answer to the Amended

---

[1] On each of these occasions, Point Blank was represented by only one attorney. The Court may take note of Appendix B.2.b of the Local Rules (applicable to civil rights and discrimination cases) which provides that "[o]nly one lawyer for each separately represented party shall be compensated for attending depositions."

[2] Messrs. Brennan and Krulak *each* report spending more than 600 hours on this case in the period between November 2001 and trial. Other than the fairly small amount of time spemt by Mr. Bennett, no specific amounts of time spent by other attorneys, law clerks or paralegals has been described. An adequate fee claim requires a breakdown as to each professional.

Counterclaim and, in spite of Point Bank's immediate explanation that an oversight had occurred, documentation of lack of prejudice, and cure of the omission, the Individuals persisted with the preparation and filing of a Motion for Judgment by Default on May 9, 2003, which Motion was withdrawn four days later. And, even after the Court issued its opinion denying counsel fees on the trade secrets claim, the Individuals incorporated evidence related to that matter into the Pre-Trial Order (which had to be removed after the Court affirmed that it had meant what it said) and otherwise spent time revisiting an issue which had been decided. Even if the Court determines that some counsel fees are appropriate in this matter, it will surely conclude that compensation for tasks of this kind is unwarranted. The Court has been deprived of the ability to quantify time for which compensation is unjustified by the Individuals' failure to provide the detail called for by the Rule.

Furthermore, the Individuals claim to have incurred $5,450.08 in expenses for (1) long distance telephone charges, (2) facsimile charges, (3) private process server and delivery fees, (4) messenger and delivery fees, (5) electronic legal research, (6) travel expenses, (7) secretarial overtime,[3] (8) postage and overnight delivery charges, and (9) the purchase of a Point Blank vest for use as an exhibit. The Individuals, however, attach no supporting documentation for these expenses to their Motion. In the absence of contemporaneous receipts and detailed invoices which demonstrate when these expenses were incurred and in relation to which specific claim, neither the Court nor Point Blank can assess the propriety or reasonableness of these expenses. Trimper v. City of Norfolk, 58 F.3d 68, 77 (4th Cir. 1995) ("[T]he law is clear that no litigation

---

[3] Charges for time expended by legal secretaries are not recoverable under the Wage Act. See Friolo, 373 Md. at 530 ("the court must exclude any fees of non-lawyers").

costs should be awarded in the absence of adequate documentation[.]"). (Emphasis added). Accordingly, the Individuals' claim for $5,450.08 in expenses should be denied in its entirety.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Point Blank respectfully requests that this Court deny the Individuals' Motion for Counsel Fees and Costs in its entirety, or in the alternative, that this Court limit the award of attorney's fees and costs to a reasonable amount that is proportionate to the total recovery by the Individuals in this action.

Respectfully submitted,

/s/
Paula M. Junghans (Bar No. 00589)

PIPER RUDNICK LLP
1200 Nineteenth Street NW
Washington DC 20036-2412
(202) 861-3905
(202) 689-7537 *facsimile*


/s/
Melissa L. Mackiewicz (Bar No. 27005)

PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000
(410) 580-3001 *facsimile*

Attorneys for Point Blank Body Armor, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of August, 2003, a copy of the foregoing Opposition to Motion for Counsel Fees and Costs was delivered via electronic case filing to:

> Robert S. Brennen, Esquire
> William M. Krulak, Esquire
> Miles & Stockbridge
> 10 Light Street
> Baltimore, Maryland 21202

>                    /s/
> Melissa L. Mackiewicz