IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALLEN PRICE, et al. <br><br>              Counter-Plaintiffs <br><br> v. <br><br> POINT BLANK BODY ARMOR, INC. <br><br>              Counter-Defendants | Civil Action No. <br><br> MJG 01 CV 3256 |

**OPPOSITION TO COUNTER-PLAINTIFFS' BILL OF COSTS**

Counter-Defendant, Point Blank Body Armor, Inc. ("Point Blank"), opposes the Bill of Costs filed by the Counter-Plaintiffs, Allen Price, et al. (collectively, the "Individuals").

**ARGUMENT**

The Individuals seek reimbursement for certain costs not properly taxable under Rule 54 of the Federal Rules of Civil Procedure. The United States Supreme Court has established that the taxation of costs recoverable by a "prevailing party" is limited by 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). "In seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D. Mich. 1995). The trial court, however, "possesses broad discretionary powers in the allowance or disallowance of costs within the categories set out in § 1920." American Med. Sec., Inc. v. Larsen, 31 F. Supp.2d 502, 508-09 (D. Md. 1998); Advance Bus. Sys. & Supply Co. v. SCM Corp., 287 F. Supp. 143, 162 (D. Md. 1968), aff'd and remanded on other grounds, 415 F.2d 55 (4th Cir. 1969).

1.

### The Individuals' Bill Of Costs Should Be Denied
### Due To Its Failure To Comply With The Local Rules

As a threshold matter, the Individuals' Bill of Costs should be rejected for failure to comply with Local Rule 109. Local Rule 109 requires that "[i]n any case where any costs other than the fee for filing the action are being requested, the bill of costs shall be supported by affidavit and accompanied by a memorandum setting forth the grounds and authorities supporting the request." Local Rule 109.1.b. (emphasis added). The Bill of Costs submitted by the Individuals fails to comply with this local rule because the Individuals did not support their Bill of Costs with a memorandum detailing the basis of their claims. The verification submitted by counsel in support of the Individuals' Bill of Costs also lacks a detailed itemization of the Individuals' claims. Without a supporting memorandum and detailed affidavit, it is impossible for Point Blank or the Court to determine the propriety of the requested reimbursements. Therefore, the Individuals' Bill of Costs should be rejected in its entirety.

2.

### The Individuals' Claim for Photocopying Charges Should Be Denied

The Individuals seek reimbursement of $3,395.20 for costs associated with photocopying charges (i.e., 16,976 pages at Miles & Stockbridge P.C.'s standard rate of $0.20 per page). In the absence of supporting documentation of this claim, the Court and Point Blank can only assume that the Individuals seek to charge Point Blank with every single copy made from the commencement of this litigation to its completion. Photocopying costs, however, are recoverable under 28 U.S.C. § 1920(4) only "where the copies are necessary for the trial or pretrial" and "to the extent that copies were used as court exhibits or were furnished to the court or opposing counsel." Charter Med. Corp. v. Cardin, 127 F.R.D. 111, 113 (D. Md. 1989);

<u>Simmons v. O'Malley</u>, 235 F. Supp.2d 442 (D. Md. 2002). "Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation." <u>Holmes v. Cessna Aircraft Co.</u>, 11 F.3d 63, 64 (5th Cir. 1994). The Individuals bear the burden of "establishing that the costs claimed were necessary for trial and/or pre-trial." <u>Charter Med. Corp.</u>, 127 F.R.D. at 114. Courts routinely deny recovery of photocopying expenses where the moving party fails to itemize the copies they claim were necessarily obtained for use of the case and those that were for their own convenience. <u>See</u>, <u>NLFC, Inc. v. Devcom Mid-America, Inc.</u>, 916 F. Supp. 751, 763 (N.D. Ill. 1996) ("[W]hen the Court is unable to determine whether the copies in question where reasonably necessary for use in the case, the claim for such costs should be denied."); <u>In re San Juan DuPont Plaza Hotel Fire Litig.</u>, 142 F.R.D. 41, 47 (D. Puerto Rico 1992) (denying reimbursement for photocopying costs where moving party failed to distinguish copies "'necessarily obtained for use in the case' rather than for the convenience of counsel").

The Individuals do not meet their burden of proof by the declaration of counsel that the expenses included in the Bill of costs were "reasonably necessary to their litigation of this case." Without "any showing as to the nature of the documents copied or how they were necessary for use in the case," the Individuals' request for reimbursement of $3,395.20 in photocopying charges should be denied. <u>American Key Corp. v. Cumberland Assocs.</u>, 102 F.R.D. 496, 499 (N.D. Ga. 1984).

<div align="center">3.</div>

<u>The Individuals' Claim for Deposition Costs Includes Unrecoverable Expenses</u>

The Individuals have requested $4,247.84 for Court Reporter Fees, which include both allowable costs under 28 U.S.C. § 1920 and those which are not allowable. Courts have consistently disallowed attempts to include the cost of transferring deposition transcripts to disk

or miniscript form as part of a taxation of costs under 28 U.S.C. § 1920.  See, Fields v. General Motors Corp., 171 F.R.D. 234, 236 (N.D. Ill. 1997); Kansas ex. rel. Stephan v. Deffenbaugh Indus., Inc., 154 F.R.D. 269, 271 (D. Kan. 1994); Stearnes Airport Equip. Co., Inc. v. FMC Corp., 170 F.3d 518, 536 (5th Cir. 1999) (affirming decision to strike from bill of costs expenses relating to "mini-transcripts and computer copies" of deposition transcripts).  Courts have reasoned that disk and miniscript versions of deposition are "merely for the convenience of the requesting attorney," Fields, 171 F.R.D. at 236, rather than "necessarily obtained for use in the case." 28 U.S.C. § 1920.  See also, Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1995) (affirming decision to preclude taxation of costs for preparation of disk version of depositions as not "reasonably necessary").  Thus, the following $140.00 in costs associated with the transfer of deposition transcripts to disk or miniscript should be disallowed:

| | |
|---|---|
| **ASCII Charges** for 6/20/2003 Depositions of D. Schlegel and D. Brooks | $70.00 |
| **Compressed Transcript Charges** for 6/20/2003 Depositions of D. Schlegel and D. Brooks | $70.00 |

In addition, the Individuals improperly seek to tax the costs for shipping and handling and reading and signing of the deposition transcripts as part of its "Court Reporter Fees." The Individuals, however, fail to demonstrate that these shipping costs were "reasonable and necessary, rather than merely convenient." Fields, 171 F.R.D. at 237.  Moreover, "the overwhelming weight of authority have [sic] declined to award costs for courier services." El-Fadl v. Central bank of Jordan, 163 F.R.D. 389, 390 (D.D.C. 1995); see also, Thomas v. Treasury Mgmt. Assoc., Inc., 158 F.R.D. 364, 372 (D. Md. 1994) (refusing to tax costs for couriers and overnight delivery); Corsair Asset Mgmt., Inc. v. Moskovitz, 142 F.R.D. 347, 351 (N.D. Ga. 1992) ("Because § 1920 does not provide for the recovery of courier service costs, such costs are disallowed.").  Accordingly, the following $77.39 in costs associated with

shipping and handling and reading and signing of the deposition transcripts should not be allowed:

| | |
|---|---|
| **Postage & Handling Charge** for 6/25/2002<br>Depositions of J. Krummel, J. Murray, & A. Price | $5.75 |
| **Reading & Signing Charge** for 7/24/2002<br>Deposition of S. Hatfield | $30.00 |
| **Postage & Handling Charge** for 7/24/2002<br>Deposition of S. Hatfield | $5.75 |
| **Shipping & Handling Charge** for 5/19/2003<br>Depositions of A. Price & J. Murray | $12.85 |
| **FedEx First Overnight Charge** for 6/20/2003<br>Depositions of D. Schlegel and D. Brooks | $23.04 |

Finally, despite being requested to do so, the Individuals have not paid Point Blank the amounts required by the Court's Order of February 19, 2003 for costs associated with the depositions taken as a result of the late filing of the Individuals' Amended Counterclaim. Attached hereto as Exhibit A is a copy of the letter of Paula M. Junghans to Robert S. Brennen dated June 2, 2003, calculating the amount due under that Order as $2,840.90. The Individuals have never objected to that calculation, nor to the Court's order; accordingly, any award of costs herein should be reduced by the $2,840.90 required thereunder.[1]

Accordingly, the Individuals' claim for $4,247.84 for Court Reporter Fees should be reduced by $217.39 because the costs associated with (a) transferring depositions to disk and miniscript form, and (b) shipping and handling and reading and signing of depositions are not

---

[1]  Point Blank notes that the Individuals availed themselves of additional discovery on their counterclaims, taking the deposition of Dawn Schlegel and David Brooks in New York City on June 5, 2003. Point Blank's counsel's time for attendance at those depositions is not included in the $2,840.90.

recoverable under 28 U.S.C. § 1920, and any award for Court Reporter Fees should be set-off by $2,840.90 for the unpaid expenses associated with the depositions taken after the late filing of the Individuals' Amended Counterclaim.

<div align="center">3.</div>

<div align="center">The Individuals' Claims For Witness Fees And<br>Fees For Service Of Trial Subpoenas Should Be Denied</div>

The Individuals seek reimbursement of $363.83 in taxable costs associated with fees for service of trial subpoenas and witness fees. The witness fees paid to employees of Morgan Stanley are presumably associated with the depositions taken after the late filing of the Individuals' Amended Counterclaim and thus, not recoverable because the Court has previously taxed those costs to the Individuals. The Individuals fail to explain in detail the cost associated with service of a trial subpoena upon Catherine Dubbs, a witness called by the Individuals to testify at trial. Rather the Individuals state that an employee of their counsel served the trial subpoena at a cost of $135.76. In the absence of a detailed invoice, it is impossible for the Court or Point Blank to assess the reasonableness or necessity of this cost. The Individuals have failed meet their "burden of establishing that the expenses [they seek] to have as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." Berryman, 161 F.R.D. at 344. Thus, the Individuals' request for $363.83 in costs associated with witness fees and fees for service of trial subpoenas should be denied.

<div align="center">**CONCLUSION**</div>

WHEREFORE, for the foregoing reasons, Point Blank respectfully requests that this Court reject the Individuals' Bill of Costs in its entirety, or in the alternative, that this Court disallow $3,963.57 of the costs requested by the Individuals, and offset any award of costs to the Individuals by $2,840.90.

Respectfully submitted,


_____/s/_____
Paula M. Junghans (Bar No. 00589)

PIPER RUDNICK LLP
1200 Nineteenth Street NW
Washington DC  20036-2412
(202) 861-3905
(202) 689-7537 *facsimile*




_____/s/_____
Melissa L. Mackiewicz (Bar No. 27005)

PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland  21209-3600
(410) 580-3000
(410) 580-3001 *facsimile*

Attorneys for Point Blank Body Armor, Inc.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of August, 2003, a copy of the foregoing

Opposition to Counter-Defendants' Bill of Costs was delivered via electronic case filing to:


Robert S. Brennen, Esquire
William M. Krulak, Esquire
Miles & Stockbridge
10 Light Street
Baltimore, Maryland  21202


_____/s/_____
Melissa L. Mackiewicz

# Piper Rudnick

1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
*main* 202.861.3900 *fax* 202.223.2085

PAULA M. JUNGHANS
paula.junghans@piperrudnick.com
*direct* 202.861.3905 *fax* 202.689.7537

June 2, 2003

Robert S. Brennen, Esquire
Miles & Stockbridge
10 Light Street
Baltimore MD 21202

Re:     Point Blank v. Price, et al

Dear Bob:

Judge Garbis's Order of February 19, 2003 in the above matter required Defendants to pay "Plaintiff's costs, including the transcript and a fee of $200 per hour for one attorney for the duration of each deposition plus one hour for each deposition." Accordingly, I am hereby requesting payment in the amount of $2,840.90, calculated as follows:

1. Transcript costs in the amount of $1,140.90 for the Price, Murray, Krummel and Bauermaster depositions; copies of the invoices are attached.

2. Attorneys fees in the amount of $1,700.00 for the same depositions, as follows:

| | |
|---|---|
| Price (1 1/4 hours plus one) | 2.25 hours |
| Murray (1 hours plus one) | 2.00 hours |
| Krummel (1 hour plus 1) | 2.00 hours |
| Bauermaster (1 1/4 hours plus 1) | 2.25 hours |

Please note that there appears to be an error in the reporter's indication of the time for the Bauermaster deposition: the transcript indicates that it began at 9:55 and ended at 10:37 AM; my calendar reflects that the deposition was scheduled for 9 AM and I'm quite sure it lasted more than half an hour. Therefore, I have assumed we began at 9:15 AM. If you disagree, please let me know.

Very truly yours,

Paula M. Junghans

Enclosure

*Piper Rudnick LLP • In Illinois, Piper Rudnick, an Illinois General Partnership*


# CRC-Salomon

9515 Deereco Road
Suite 200
Timonium, MD 21093
**e:** (410) 821-4888    **Fax:** (410) 821-4889

**Job #:** 030507BBR
**Job Date:** 05/07/2003
**Order Date:** 05/07/2003
**DB Ref.#:**
**Date of Loss:** / /
**Your File #:**
**Your Client:**

**Invoice**

| | |
|---|---|
| **Invoice #:** | 22066 |
| **Inv.Date:** | 05/19/2003 |
| **Balance:** | $624.10 |

**Bill To:**
Paula M. Junghans, Esq.
Piper Rudnick
1200 19th Street, N.W.
Washington, DC 20036

**Action:** Point Blank Body Armor
vs
**Price, Alan**

**Action #:**
**Rep:** Bonnie Russo
**Cert:**

| Name | Description | Quantity | Unit | Price | | Amount |
|---|---|---|---|---|---|---|
| Allen Price | Original | 91 | Pages | $3.75 | | $341.25 |
| Allen Price | Min-U-Script | 1.00 | Booklet | $0.00 | | $0.00 |
| James Murray | Original | 72 | Pages | $3.75 | | $270.00 |
| James Murray | Min-U-Script | 1.00 | Booklet | $0.00 | | $0.00 |
| | Shipping & Handling | 1.00 | Labor | $12.85 | | $12.85 |

**Comments:**
Minuscript only requested

Thank You For Your Business

| | |
|---|---|
| Sub Total | $624.10 |
| Shipping | $0.00 |
| Tax | N/A |
| Total Invoice | $624.10 |
| Payment | $0.00 |
| Balance Due | $624.10 |

**Federal Tax I.D.:** 52-1838692      **Terms:** Due Upon Receipt

*Please KEEP THIS PART for YOUR RECORDS.*
*Please FOLD then TEAR HERE and RETURN THIS PART with PAYMENT.*

**Bill To:**
Paula M. Junghans, Esq.
Piper Rudnick
1200 19th Street, N.W.
Washington, DC 20036

**Deliver To:**
Paula M. Junghans, Esq.
Piper Rudnick
1200 19th Street, N.W.
Washington, DC 20036



**CRC-Salomon**
9515 Deereco Road
Suite 200
Timonium, MD 21093

**Phone:** (410) 821-4888
**Fax:** (410) 821-4889

**Invoice #:** 22066
**Inv.Date:** 05/19/2003
**Balance:** $624.10
**Job #:** 030507BBR
**Job Date:** 05/07/2003
**DB Ref.#:**
**Date of Loss:** / /
**Your File #:**
**Your Client:**

# INVOICE



_____ Reporting Co., Inc.
1111 14th Street, NW 4th Floor
Washington, DC 20005-5650
Phone #:(202) 789-6308 Fax #:(202) 842-0063
E-Mail: ar@aldersonreporting.com
Federal I.D. No. 53-0257990

/ /



Payment is due 30 days
from invoice date.

**5/28/2003**

**40967**

PLEASE REFERNCE
THIS INVOICE NUMBER
WHEN REMITTING

To:

Atty.Acct. No.: 10907
Case/Matter No.:
Our Ref. No.: 5555-1
Your Ref. No.:
Location: Towson, MD

RE: Point Blank Armor vs. Allen Price, et al          Classified:
Witness:    Joseph  Krummel
Proceeding Date:   5/13/2003

| Description | Qty | Rate | Amount |
|---|---|---|---|
| | 43.00 | 3.30 | $141.90 |
| 10 Business Day Delivery - Joseph  Krummel | 13.00 | 0.30 | $3.90 |
| Exhibit Copies - 1-4 | 1.00 | 55.00 | $55.00 |
| Condensed Transcript/Media/Delivery | | | |

Credit Card Payment: AMEX [ ]  Visa [ ]  MasterCard [ ]       Expiration Date:

Account #:

Registered To:                               Signature:

**TERMS: NET 30 DAYS**
To ensure proper credit, please indicate Invoice Number with payment.
Interest accrues at a rate of 1.5% per month.

| | |
|---|---|
| Sub-Total: | $200.80 |
| Taxes: | 0.00 |
| Interest Accrued: | $0.00 |
| Grand Total: | $200.80 |
| Amount Paid: | $0.00 |

Questions?  Please call our Credit Manager
@ 202-789-6308.



**Thank You For Your Business**

# INVOICE

**Alderson Reporting Co., Inc.**
1111 14th Street, NW 4th Floor
Washington, DC 20005-5650
Phone #:(202) 789-6308 Fax #:(202) 842-0063
E-Mail: ar@aldersonreporting.com
Federal I.D. No. 53-0257990

Payment is due 30 days from invoice date.



INVOICE DATE
**5/28/2003**

INVOICE NO.
**40968**

PLEASE REFERNCE THIS INVOICE NUMBER WHEN REMITTING

To:

Atty.Acct. No.: 10907
Case/Matter No.:
Our Ref. No.: 5555-2
Your Ref. No.:
Location: Towson, MD

RE: Point Blank Armor vs. Allen Price, et al     Classified:
Witness:    Scott E Bauermaster
Proceeding Date:   5/13/2003

| | | | |
|---|---|---|---|
| | | | $254.10 |
| 10 Business Day Delivery - Scott E Bauermaster | 77.00 | 3.30 | |
| Exhibit Copies - 1-6 | 13.00 | 0.30 | $3.90 |
| Color Exihibts | 2.00 | 1.50 | $3.00 |
| Condensed Transcript/Media/Delivery | 1.00 | 55.00 | $55.00 |

Credit Card Payment: AMEX [ ]  Visa [ ]  MasterCard [ ]
Expiration Date:
Account #:
Signature:
Registered To:

| | |
|---|---|
| Sub-Total: | $316.00 |
| Taxes: | 0.00 |
| Interest Accrued: | $0.00 |
| Grand Total: | $316.00 |
| Amount Paid: | $0.00 |

**TERMS: NET 30 DAYS**
To ensure proper credit, please indicate Invoice Number with payment.
Interest accrues at a rate of 1.5% per month.

Questions?  Please call our Credit Manager @ 202-789-6308.
**Thank You For Your Business**

