UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| POINT BLANK BODY ARMOR, INC. | * |
| Plaintiff, | * |
| v. | * |
| ALLEN PRICE, JOSEPH KRUMMEL, and JAMES MURRAY | * |
| Defendants. | * Civil Action No. MJG 01 CV 3256 |
| ALLEN PRICE, JOSEPH KRUMMEL, and JAMES MURRAY | * |
| Counter-plaintiffs, | * |
| v. | * |
| POINT BLANK BODY ARMOR, INC. | * |
| Counter-defendant. | * |

**DEFENDANTS AND COUNTER-PLAINTIFFS' REPLY TO POINT BLANK'S OPPOSITION TO THE <u>VERIFIED BILL OF COSTS</u>**

Defendants and Counter-Plaintiffs, Allen Price, Joseph Krummel, and James Murray (hereafter, collectively, the "Individuals"), by their undersigned counsel, hereby reply to Plaintiff, Point Blank Body Armor's ("Point Blank") Opposition to the Individuals' Verified Bill of Costs.

## The Individuals' Bill of Costs Complies with LR 109.1.b

The Individuals' Bill of Costs sets forth the points and authorities upon which the Individuals rely in seeking costs, is verified by an affidavit of counsel, and has attached to it copies of the relevant court reporters' bills and witness fee checks. Therefore, the Bill complies with the Local Rules.

## The Individuals' Costs

**A.     Photocopying Charges:**

Point Blank does not assert, let alone demonstrate that Miles & Stockbridge's $0.20 charge per photocopy is unreasonable or that the total amount of photocopy charges generated in connection with the firm's representation of the Individuals, $3,395.20, is itself unreasonable given the nature of the case. Like many if not all law firms, Miles & Stockbridge does not document a description for each photocopy made and charged to a client. However, merely by reviewing the documents that are on file in this case, copies of correspondence indicating how many copies of certain motions and other papers were submitted to the Court and to Point Blank's counsel, the Individuals' counsel can readily identify a substantial portion of the photocopies generated in this matter:

| Description | | No. of Copies | Total Copies | Charge at $.20 per copy |
|---|---|---|---|---|
| Pages of Documents Produced in Discovery by Individuals to Point Blank | 890 | 2 (originals were copied, numbered, and then a copy of the numbered copies was made for production to Point Blank) | 1780 | $356.00 |
| Pages of Trial Exhibits | 291 | 5 (Originals for witnesses/submission to Jury plus one copy each for Individuals' counsel, Point Blank's counsel, Judge, and Judge's law clerk) | 1210[1] | $242.00 |
| Pages of Exhibits Submitted with Motions for Summary Judgment | 366 | 6 (two copies for Clerk, copy for Point Blank's local counsel and lead counsel, copy for Individuals' counsel file, copy for client) | 2196 | $439.20 |
| Pages of Final Briefs Submitted with Motions for Summary Judgment | 136 | 5 (one copy (together with original) for Clerk, copy for Point Blank's local counsel and lead counsel, copy for Individuals' counsel file, copy for client) | 680 | $136.00 |
| Final Interrogatories and Document Requests directed to Point Blank | 16 | 3 (One copy each to Point Blank's local and lead counsel and one copy for client) | 48 | $9.60 |
| Final Answers to Point Blank's Interrogatories and Responses to Point Blank's Document Requests, and supplemental answers and responses | 67 | 3 (One copy each to Point Blank's local and lead counsel and one copy for client) | 201 | $40.20 |

---

[1] Excluded are 156 pages of original Hatfield Deposition Exhibits and 89 pages of original Schlegal Deposition Exhibits that were used for original copies of trial exhibits.

| Description | | No. of Copies | Total Copies | Charge at $.20 per copy |
|---|---|---|---|---|
| Jury Instructions | 317 | 3 (one copy (together with original) for Clerk, plus one copy each for Individuals' counsel, Point Blank's counsel) | 951 | $190.20 |
| Responses to Point Blank's motions to compel and in support of Individuals' corresponding motion for protective order, with exhibits | 67 | 7 (two copies (together with original) for Clerk, plus one copy each for Individuals' counsel, Point Blank's local counsel, Point Blank's lead counsel, and Judge Gauvey and one copy for clients) | 469 | $93.80 |
| Individuals' second motion for protective order, including exhibits, proposed order, reply memorandum. | 14 | 7 (two copies (together with original) for Clerk, plus one copy each for Individuals' counsel, Point Blank's local counsel, Point Blank's lead counsel, and Judge Gauvey and one copy for clients) | 98 | $19.60 |
| Original Answer and Counterclaim | 15 | 6 (two copies (together with original) for Clerk, plus one copy each for Individuals' counsel, Point Blank's local counsel, Point Blank's lead counsel, and one copy for clients) | 90 | $18.00 |
| Motion for Leave to file Amended Counterclaim attaching Amended Counterclaim and "red-line copy, and reply to opposition | 50 | 6 (two copies (together with original) for Clerk, plus one copy each for Individuals' counsel, Point Blank's local counsel, Point Blank's lead counsel, and one copy for clients) | 300 | $60.00 |
| Pages of Schlegal Deposition Exhibits | 340 | 3 (original, Individuals' counsel's working copy, and copy provided to Point Blank's counsel) | 1020 | $204.00 |

| **Description** | | **No. of Copies** | **Total Copies** | **Charge at $.20 per copy** |
|---|---|---|---|---|
| Pages of Hatfield/Point Blank Designee Deposition Exhibits | 425 | 3 (original, Individuals' counsel's working copy, and copy provided to Point Blank's counsel) | 1275 | $255.00 |
| **TOTALS** | | | **10,318** | **$2,063.60** |

These figures do not include copies made in connection with a number of other filings, or copies of any drafts that were generated in connection with pleadings, written discovery, responses to written discovery, motions, jury instructions and other pre-trial submissions, nor do they include copies of attorney work product, such as examination outlines, nor any of the innumerable copies of correspondence that were sent to opposing counsel and to clients in the ordinary course of this litigation. Determination of the exact numbers of all of those legitimate photocopies would take an inordinate amount of time and effort that would be well beyond the requirements reasonably imposed upon a prevailing party in the context of submitting a bill of costs. It is certainly reasonable for the Court to conclude that the balance represented by those legitimate photocopies would justify the total amount of $3,395.20 sought by the Individuals.

    **B.**    **Fees for Service of Trial Subpoenas:**

Point Blank does not assert, let alone demonstrate, that the $ 135.76 charge generated in connection with the Individuals serving non-party witness Catherine Dubbs from Lancaster, Pennsylvania is unreasonable.

    **C.**    **Court Reporter Fees:**

The Individuals maintain that it is well within the Court's sound discretion to award them the $140.00 in charges they incurred in connection with receiving minuscripts and ASCII disks for the Schlegal and Brooks depositions, as well as the $77.39 associated with the shipping and

handling of various deposition transcripts.[2] Moreover, there is no basis for "setting off" the costs sought by the Individuals through their Bill of Costs for deposition expenses incurred by Point Blank for which it seeks reimbursement in connection with the Court's Order of February 19, 2003, as Point Blank has never properly submitted a Bill for those costs to the Court. In any event, should the Court determine both that the amount sought by the Individuals must be reduced by shipping and handling and minuscript charges, and that the total should be off-set by the charges sought by Point Blank, the amount of the off-set sought by Point Blank should be reduced by the $122.85 in shipping and handling and condensed manuscript charges included in the amount sought by Point Blank.

    **D.**    **Witness Fees:**

Under Rule 45(b)(1) of the Federal Rules of Civil Procedure, a party serving a subpoena commanding a witness to appear must tender to that person the fees for one day's attendance and the mileage allowed by law. Copies of the checks tendered to non-parties Catherine Dubbs, Morgan Stanley, and Scott Bauermaster along with subpoenas commanding their attendance at trial were attached to the Verified Bill of Costs and total $228.07. Point Blank has not identified any legitimate basis as to why those costs should not be taxed against it.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in their Verified Bill of Costs, Defendants and Counter-Plaintiffs respectfully requests that the Court order Plaintiff and Counter-Defendant to pay to Defendants and Counter-Plaintiffs an amount equal to **$8,006.87**.

---

[2] As Point Blank's Opposition notes, $30.00 of that amount was generated by Point Blank's decision to have its designee read and sign her deposition. The Schlegal and Brooks deposition transcripts were sent via Federal Express in light of the need to include page and line designations for those depositions in the pretrial order that was being prepared at that time.

# **VERIFICATION**

STATE OF MARYLAND
CITY OF BALTIMORE, to wit:

      I, Robert S. Brennen, hereby attest as follows:

      1.  I am over eighteen (18) years of age and competent to attest to the following facts, of which I have personal knowledge.

      2.  I am and have been a member in good standing of the Maryland Bar since December 22, 1987.  I am and have been a member in good standing of the Bar of this Court since February 19, 1988.

      3.  I am and have been a principal with the law firm of Miles & Stockbridge P.C. since January 1, 1996.

      4. Miles & Stockbridge has represented the Defendants and Counter-Plaintiffs throughout this matter.  My now former partner, the Honorable Richard D. Bennett, my associate William M. Krulak, Jr. and I were directly involved in that representation.

      5.  In connection with the preparation of the chart regarding photocopies set forth in the above Reply, I and my assistant, Kim Cerrato acting under my direct supervision, counted the various documents mentioned in the chart and determined, through the review of cover letters and other documents, and my own personal recollection, how many copies of each document were made.  Based upon my personal knowledge, the figures set forth in the chart are accurate.

      I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING VERIFICATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

August 25, 2003                                                                    /s/
                                                                               Robert S. Brennen

Respectfully submitted,

Dated: August 25, 2003                 _____/s/_____
Robert S. Brennen (04499)
William M. Krulak, Jr. (26452)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464
(410) 385-3700 (FAX)

Attorneys for Defendants and Counter-Plaintiffs Allen Price, Joseph Krummel and James Murray