UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| POINT BLANK BODY ARMOR, INC. * | |
| * | |
| Plaintiff, * | |
| * | |
| v. * | |
| * | |
| ALLEN PRICE, * | |
| JOSEPH KRUMMEL, and * | |
| JAMES MURRAY * | |
| * | |
| * | |
| Defendants. * | |
| * | Civil Action No. MJG 01 CV 3256 |
| * | |
| ALLEN PRICE, * | |
| JOSEPH KRUMMEL, and * | |
| JAMES MURRAY * | |
| * | |
| Counter-plaintiffs, * | |
| * | |
| v. * | |
| * | |
| POINT BLANK BODY ARMOR, INC. * | |
| * | |
| Counter-defendant. * | |

**REPLY TO POINT BLANK'S OPPOSITION TO DEFENDANTS'
MOTION FOR COUNSEL FEES AND COSTS**

Defendants and Counter-Plaintiffs, Allen Price, Joseph Krummel, and James Murray (hereafter, collectively, the "Individuals"), by their undersigned counsel, hereby reply to Plaintiff, Point Blank Body Armor, Inc.'s ("Point Blank") Opposition to the Individuals' Motion for Counsel Fees and Other Costs.

# INTRODUCTION

While conceding the accuracy of the Individuals' description of the case and the issues that the Individuals were required to litigate in order to succeed at trial on their Counterclaims, Point Blank's Opposition to the Individuals' Motion for Counsel Fees misstates the rules and legal principles applied to such motions. The Individuals' motion is more than adequately supported and complies with the rules relating to such motions. The Court, therefore, should grant the Individuals' motion and enter an award in the amount of $225,000.00 for fees and costs.

# NATURE OF CASE

Point Blank does not dispute the description of the case and relevant issues as set forth in the Individuals' opening memorandum and thus that description will not be restated here. It is significant to note, however, that Point Blank does not dispute that, until they were dismissed on summary judgment, Point Blank asserted, as affirmative defenses to its liability to the Individuals under their counterclaims, the Individuals' alleged breach of confidentiality agreements and misappropriation of trade secrets. Thus, Point Blank concedes that it was necessary for the Individuals to defeat those assertions as a predicate to the Individuals' recovery on any of their counterclaims, including their claim for unpaid salary.

# CLAIMS UPON WHICH DEFENDANTS PREVAILED OR DID NOT PREVAIL

Point Blank apparently concedes the accuracy of the description of claims set forth in the Individuals' opening memorandum.

# WORK PERFORMED

Point Blank does not dispute the reasonableness of the standard hourly rates for Messrs. Bennett, Brennen or Krulak, nor, in light of the nature of the case, the number of hours each devoted to the

representation of the Individuals.[1]  Moreover, while Point Blank mistakenly asserts that they have not been sufficiently documented, Point Blank does not challenge the reasonableness of the amount of hours devoted to particular tasks as reflected in the summary presented in the Individuals' verified memorandum.[2]  Thus, among other things, Point Blank, does not assert that the hours expended by counsel in (1) the preparation of the motion papers used to defeat the assertions of trade secret misappropriation; (2) trial preparation; or (3) trial were unreasonable given the circumstances of the case.  Likewise, Point Blank does not take issue with the reasonableness of any of the $5,450.08 in "other costs" set forth in "EXPENSES" summary included in the memorandum.

## ARGUMENT

I.   **The Court Should Award Fees and Other Costs in This Case.**

Point Blank does not disagree that, following Maryland law, the Court should exercise its "discretion liberally in favor of awarding a reasonable fee"  Friolo v. Frankel, 373 Md. 501, 517, 819

---

[1] Since the Individuals prepared their Motion for Fees, Mr. Brennen has performed an additional 22.8 hours of work on the case in connection with responding to Point Blank's renewed Motion for Judgment and to Point Blank's oppositions to the Individuals' Motion for Counsel Fees and Bill of Costs, as well as efforts to engage Point Blank in possible settlement discussions.  Mr. Krulak has performed an additional 3.8 hours of work in connection with the post-trial motions.

[2] The Individuals would revise the summary to include the following work that has been performed since the filing of the memorandum:

| Description of Work | Hours Expended | Amount of Fees at Miles & Stockbridge's Customary Rates |
|---|---|---|
| Preparation and filing of Motion for Attorneys' fees and Bill of Costs | 36.7 | $9,090.50 |
| Research, review of documents and preparation of Individuals' response to Point Blank's Renewed Motion for Judgment | 12.1 | $3,118.00 |
| Review Point Blank's oppositions to Bill of Costs and Motion for Fees and prepare and file replies | 22.5 | $5,399.00 |
| **ADJUSTED TOTAL** | 1362.20 | $310,096.50 |

A.2d 354, 364 (2003). (citing Coburn v. Coburn, 342 Md. 244, 256, 674 A.2d 951, 957 (1996). And, as set forth above, Point Blank does not challenge the reasonableness of any of the figures set forth in the summary included in the verified memorandum. Instead Point Blank bases nearly its entire opposition to the Individuals' motion on the mistaken assertion that the motion is not adequately supported.

### A.   The Individuals are not required to disclose their fee arrangements

Point Blank suggests that disclosure of the Individuals' fee agreement with their counsel is an essential element of a proper motion for fees. Opposition, p. 6. That is simply incorrect. Rule 54 of the Federal Rules of Civil Procedure states that "*if directed by the court*, the motion shall disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made." (emphasis supplied.) The Court has issued no such direction, and Point Blank has failed to show why that fee agreement is relevant to the Court's consideration of a reasonable fee award. Therefore, the Individuals are not required to make such a disclosure. See Contract Materials Processing, Inc. v. Kataleuna GMBH Catalysts, 222 F. Supp. 2d 733, 740. (D. M.D. 2002).

### B.   The Individuals have complied with the Local Rules

Local Rule 109.2.b describes the required contents of a motion seeking fees. The Individuals' memorandum contains them all; indeed, its headings follow the rule precisely. Nonetheless, Point Blank asserts that the Individuals have failed to comply with the rule because their memorandum does not include "a detailed description of the work performed broken down by hours or fractions thereof expended on each task." That is simply not the case. In fact, the summary presented in pages 7 through 10 of the memorandum includes seventeen (17) separate descriptions of different tasks performed.[3] The summary was supported by the verification, under oath, of the Individuals' lead counsel stating that he

---

[3] Compare L.R. Appendix B, Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases, which identifies only ten separate categories or "phases" of attorney tasks.

had personally reviewed the firm's time records, had created the summary based upon that review, and that it accurately reflected the firm's records. Such summaries, attested to by counsel, have been found by this Court to be acceptable under L.R. 109.2.b. See Contract Materials Processing, Inc., supra, 222 F. Supp. 2d at 749-50. See also, Zachair, Ltd. v. Driggs, 135 Md.App. 403, 762 A.2d 991 (2001), cert. denied, 363 Md. 206, 768 A.2d 54 (2001)(counsel's testimony as to the hours spent on particular tasks and what was charged for those hours was sufficient); Mathis v. Exxon Corp., 302 F.3d 448 (5th Cir. 2002)(District Court did not abuse its discretion in awarding attorney's fees, where attorneys supported their fees by submitting affidavit drafted by lead counsel); Steiny & Co., Inc. v. California Electric Supply Co., 93 Cal.Rptr.2d 920 (Cal. Ct. App. 2000)(attorney declaration which included detailed evidence of hours spent, tasks concluded and billing rates was sufficient to support award of attorney fee event though no billing records were submitted). Point Blank has not asserted any basis for doubting counsel's verification or that the summary accurately reflects information drawn from Miles & Stockbridge's time records. Nevertheless, in order to remove any doubts a copy of all of the time records reflected on Miles & Stockbridge's accounting records relating to this matter, from which the summary was prepared, are attached hereto.

**II.   A Reasonable Fee Award in This Case is $225,000.00.**

As set forth in the Individuals' opening memorandum, if one adds the reasonable fees that have been generated in connection with their representation that would have been generated even if the stock and stock option claims had not been in the case, those fees total $232,785.00. When the fees that have been generated in connection with post-trial motions are added to that figure, the total reaches $250,392.50 ---- several thousand dollars more than the amount that the Individuals have requested in their motion. With the exception of fees generated by Mr. Krulak's attendance at depositions, and those

generated in connection with the Individuals unsuccessful motion to strike portions of Sandra Hatfield's affidavit, Point Blank does not challenge the reasonableness of any component of the fees comprising that sum.[4]  Setting aside the legitimacy of those objections, even if the fees generated in connection with those items were subtracted, the balance would nonetheless exceed the $225,000.00 requested.[5]

The original figure of $232,785 did include $63,706.00 in fees associated with the Individuals' successful disposal of Point Blank's claims of trade secret misappropriation and breach of contract. While not directly challenging the reasonableness of that figure[6], Point Blank asserts, without any authority whatsoever, that the Individuals may not seek reimbursement of those fees under MD CODE ANN. LABOR AND EMPLOYMENT §3-507.1 because the Individuals have failed to prevail on their request for those fees under MD CODE ANN. COMM. LAW II §11-1204.  There is no authority or logic that would support the conclusion that simply because the Individuals have been found to not be entitled to fees under another theory, they are barred from recovering them under §3-507.1 if those fees are reasonably related to the Individuals' successful prosecution of their wage claim.  Those fees are so related and thus should be considered by the Court in determining a reasonable fee award.

It is undisputed that, in addition to bringing affirmative claims on those theories, Point Blank alleged, as a basis for affirmative defenses to the Individuals' salary claims, that the Individuals had

---

[4] Point Blank also objects to the award of any fees generated in connection with the motion for default.  Those fees, which are segregated in the summary submitted in the Individuals opening memorandum, are not included within the $232,785.00 figure.

[5] Miles & Stockbridge's contemporaneous time records indicate that, at most, the charges associated with Mr. Krulak's attendance at depositions at which Mr. Brennen also appeared total $3,252.50 (8 hours related to the 2002 depositions of Messrs. Krummel and Murray and 8.5 hours relating to the deposition of Sandra Hatfield at a rate of $160 per hour, plus 3.5 hours at $175 per hour in connection with the 2003 depositions of Messrs. Price and Murray.  Mr. Krulak did not bill any time for the 2003 depositions of Messrs. Bauermaster or Krummel on May 13, 2003).  The charges relating to the motion to strike the Hatfield affidavit total $2,816.50 (7.6 hours by Mr. Brennen at $290 per hour and 3.5 hours by Mr. Krulak at $160 per hour).  Together these amounts total only $6,069.00.

[6] Such a challenge might have been awkward given Point Blank's counsel's involvement Contract Materials Processing, supra, where it successfully represented the movant in obtaining an award of $134,945.00 in connection with the successful defense of such claims.

misappropriated trade secrets and had breached confidentiality agreements. Not surprisingly, Point Blank does not dispute that in order to succeed on their salary claims, the Individuals needed to overcome the assertions of misappropriation and breach of contract.[7] In the face of that concession, Point Blank cannot be heard to say that the fees generated in connection with the defense of those claims are not reasonably related to the Individuals' salary claims. Thus, those fees should be considered in connection with the Individuals' claim for fees under §3-507.1.

Having failed to substantively question whether $225,000 represents a reasonable fee for the work that was reasonably necessary to succeed on the Individuals' salary claims, Point Blank's only remaining argument is that the amount greatly exceeds the amount recovered on the salary claim --- a fact that the Individuals acknowledged in their opening memorandum. However, that fact is not, as Point Blank would suggest, wholly determinative of the reasonableness of the $225,000 figure. As the Court of Appeals of Maryland observed, if such were the case the legislative policies behind §3-507.1 would be frustrated. Friolo v. Frankel, 373 Md. 501, 528, 819 A.2d 354, 370 (2003). Indeed, such a mechanical determination would provide an incentive for unscrupulous employers to withhold salary, without bona fide reason to do so, safe in the knowledge that they can easily make it economically impossible for former employees to pursue their claims in court. Such conduct is exactly what §3-507.1 was enacted to deter. Thus, as the Court of Appeals recognized, in remanding a case for a determination as to why a request for $57,000 should not be awarded on a $12,000 recovery, other factors must be considered. Id., 373 Md. at 529, 819 A.2d at 370-71.

---

[7] Those two claims were themselves completely intertwined, as Point Blank asserted, in its answers to interrogatories and elsewhere, that the basis for its allegations that the Individuals had breached the confidentiality agreements was the alleged trade secret misappropriation.

There are other factors that the Court should consider in this case beyond the number of hours spent times reasonable rates, including the over all success that the Individuals have achieved in the litigation. Another is the conduct of Point Blank. Point Blank concedes that, at the time it decided not to pay the Individuals their last week's salary, Mr. David Brooks, Chairman, CEO and controlling stockholder of Point Blank's corporate parent DHB Industries, Inc., told Mr. Price that he would line up his lawyers and use every one of the considerable dollars at his disposal to destroy the Individuals and their business. It is not surprising that, with such a mindset at its helm, Point Blank refused to pay that salary, and forced the Individuals to choose between abandoning those claims or putting them before a federal jury, all the while knowing that Point Blank had absolutely no evidence whatsoever to justify the denial of those claims. To hold, as Point Blank would have the Court do, that the Individuals are limited to recovering fees to the amount recovered on the salary claim, would send a message to the would-be David Brookses of the world that they can cheat their employees out their pay by the mere threat of litigation, and would signal employees, that are owed a few thousand dollars in salary, that it is not economically feasible to pursue a claim given the high cost of litigation against a well-heeled opponent. The remedial and deterrent purposes for §3-507.1 would be rendered meaningless. On the other hand, if the Court awards fees in an amount that better reflects the true reasonable cost of pursuing such claims, the Court would not only encourage plaintiffs to pursue legitimate claims, but would deter employers from generating unnecessary litigation costs when there is no bona fide dispute as to their liability. In this case such an award is at least $225,000.00.

## CONCLUSION

For the reasons set forth above and in the Individuals' opening memorandum, applying the lodestar approach, in light of the excellent results obtained and the un-denied malice of Mr. Brooks, an

award of more than $300,000.00 in fees could be justified in connection with this case. Moreover, there is ample evidence in the trial record to support the Jury's findings with respect to the Individuals' claims for damages related to the stock and stock options, as well as the salary claim, and the Court can and should award reasonable fees with respect to all of those claims. In any event, even if the Court were to consider awarding fees and other costs with respect to the salary claims only, an award of fees and other costs of at least $225,000.00 is appropriate pursuant to M<small>D</small> C<small>ODE</small> A<small>NN</small>. L<small>ABOR AND</small> E<small>MPLOYMENT</small> §3-507.1.

## **VERIFICATION**

STATE OF MARYLAND
CITY OF BALTIMORE, to wit:

I, Robert S. Brennen, hereby attest as follows:

1. I am over eighteen (18) years of age and competent to attest to the following facts, of which I have personal knowledge.

2. I am and have been a member in good standing of the Maryland Bar since December 22, 1987. I am and have been a member in good standing of the Bar of this Court since February 19, 1988.

3. I am and have been a principal with the law firm of Miles & Stockbridge P.C. since January 1, 1996.

4. Miles & Stockbridge has represented the Defendants and Counterclaimants throughout this matter. My now former partner, the Honorable Richard D. Bennett, my associate William M. Krulak, Jr. and I were directly involved in that representation.

5. In connection with the Defendants and Counter-Plaintiffs' Motion for Counsel Fees and Other Costs, and the above reply memorandum, I have personally reviewed all time entries that have been recorded with respect to Miles & Stockbridge's representation of the Defendants and Counter-

Plaintiffs in this matter.  Based upon that review, I personally prepared the fee information presented in the above memorandum, and it accurately reflects the information contained in the firm's accounting records. Attached are copies of billing information memoranda that reflect all of the time entries that I reviewed in connection with preparing the summaries.

6. Based upon my experience in connection with the litigation of matters of similar size and complexity, I believe that the number of hours expended in this matter and expenses generated were reasonable given the factual and legal issues presented in this case.  I further believe that the standard hourly rates described above with respect to the lawyers that worked on the case are commensurate with those customarily charged by counsel with similar skill and experience in this District.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING VERIFICATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

August 25, 2003                                    _____/s/_____
                                                   Robert S. Brennen


                                                   Respectfully submitted,

Dated:        August 25, 2003


                                                   _____/s/_____
                                                   Robert S. Brennen (04499)
                                                   William M. Krulak, Jr. (26452)
                                                   MILES & STOCKBRIDGE P.C.
                                                   10 Light Street
                                                   Baltimore, Maryland 21202
                                                   (410) 727-6464
                                                   (410) 385-3700 (FAX)

                                                   Attorneys for Defendants and Counter-Plaintiffs
                                                   Allen Price, Joseph Krummel and James Murray