```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

POINT BLANK BODY ARMOR, INC.   *

       Plaintiff      *

      vs.                    * CIVIL ACTION NO. MJG-01-3256

ALLEN PRICE, et al.            *

       Defendants     *

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

## MEMORANDUM AND ORDER

The Court has before it:

1. Point Blank's Renewed Motion for Judgment as a Matter of Law [Paper 25];

2. The Individuals'[1] Motion for Counsel Fees and Costs [Paper 23];

and the materials submitted by the parties in relation thereto. The Court finds a hearing unnecessary.

## I. BACKGROUND

Point Blank Body Armor, Inc. ("Point Blank") has been engaged, at all times here relevant, in the development, manufacture, marketing and sale of protective armor and apparel for use by law enforcement professionals, including

---

[1] Defendants, Counter-Plaintiffs Allen Price ("Price"), Joseph Krummel ("Krummel") and James Murray ("Murray") are referred to herein as "the Individuals."

the products commonly referred to as "bullet-proof vests" or "body armor."

The Individuals were hired by Point Blank in 1998 (Price and Krummel) and 2001 (Murray). In March of 2001 the Individuals entered into three year employment contracts with Point Blank. Nine months later, in September of 2001, the Individuals left Point Blank's employ to engage in business in their own company.

Point Blank brought the instant case asserting that the Individuals had misappropriated trade secrets and breached confidentiality agreements. The Individuals counterclaimed, contending that Point Blank had breached their respective employment agreements.

By Memorandum and Order issued March 12, 2003, the Court granted summary judgment to the Individuals on Point Blank's claims. The Individuals' Counter-claim proceeded to trial with regard to whether they were entitled to:

    1.    Salary for the week of September 21, 2001.

    2.    Receive unrestricted, rather than restricted stock,

    3.    Receive warrants for unrestricted, rather than restricted stock, and

    4.    Treble damages[2] on each claim.

---

[2] Under Md. Code Ann., Labor & Employment § 3-507.1(b).

The jury found for the Individuals on each of their claims and decided to award treble damages as to the salary and stock, but not warrants, claims.

By the instant motions, Point Blank seeks Judgment as a Matter of Law ("JMOL") on certain issues discussed herein while the Individuals seek an award of legal fees and costs.

## II.   LEGAL PRINCIPLES

### A.   Judgment as a Matter of Law

As expressed by the United States Court of Appeals for the Fourth Circuit in <u>Whalen v. Roanoke County Bd. of Supvs'rs</u>, 769 F.2d 221, 224 (4th Cir. 1985):

> The question to be resolved in deciding a motion for judgment notwithstanding the verdict [now referred to a motion for judgment as a matter of law] is whether there is evidence upon which a jury can properly find a verdict. <u>Ralston Purina Co. v. Edmunds</u>, 241 F.2d 164, 167 (4th Cir. 1957). The principles governing decision of the motion have been stated as follows:
>
> In determining whether the evidence is sufficient the court is not free to weigh the evidence or to pass on the credibility of witnesses or to substitute its judgment of the facts for that of the jury. Instead it must view the evidence most favorably to the party against whom the motion is made and give that party the benefit of all reasonable inferences from the evidence.

>9 Wright & Miller, Federal Practice and Procedure § 2524 at 543-45 (1971); <u>accord</u> <u>Abasiekong v. City of Shelby</u>, 744 F.2d 1055,1059 (4th Cir. 1984).

    B.   <u>Legal Fee Awards</u>

Md. Code Ann., Labor & Employment § 3-507.1 provides in pertinent part:

> (a). . . [I]f an employer fails to pay an employee [compensation due for employment] the employee may bring an action against the employer to recover the unpaid wages.
>
> (b) If, in an action under subsection (a) of this section, a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee . . . reasonable counsel fees and other costs.

III. <u>DISCUSSION</u>

    A.   <u>Salary</u>

Point Blank, quite appropriately, does not seek JMOL as to the award of compensatory and treble damages on the Individuals' salary claims. Accordingly, the Court will enter Judgment for the Individuals on their salary claims as follows:

4

|               | <u>Price</u>   | <u>Krummel</u> | <u>Murray</u>  |
|---------------|----------------|----------------|----------------|
| Compensatory  | $2,884.61      | $2,500.00      | $1,250.00      |
| Treble        | <u>$8,653.83</u> | <u>$7,500.00</u> | <u>$3,750.00</u> |
| Total         | $11,538.44     | $10,000.00     | $5,000.00      |

B.   <u>Stock</u>

Point Blank seeks JMOL with respect to the amount of compensatory damages found by the jury and the award of treble damages.

1.   <u>Compensatory Damages</u>

The jury found that the Individuals were entitled to receive unrestricted shares rather than restricted shares of stock.  The jury also found, by special verdict, the value of unrestricted shares on January 3, 2003 (the pertinent date), that is the amount that the Individuals would have netted had they sold unrestricted shares on that date:

|              | <u>Price</u>   | <u>Krummel</u> | <u>Murray</u> |
|--------------|----------------|----------------|---------------|
| Share Value  | $58,638.95     | $29,184.94     | $7,222.46     |

In the instant case, the Individuals cannot recover the January 3, 2002 value of unrestricted shares they should have received and also keep the restricted shares that they in fact received.  The parties have advised the Court that they have

agreed upon the disposition of the restricted shares and retention of proceeds pending appeal for application consistent with the ultimate resolution of the case. Accordingly, the Court will enter judgment based on the unrestricted share value determined by the jury.

### 2. Treble Damages

If the jury[3] finds that an employer failed pay compensation for employment for a reason other than "as a result of a bona fide dispute, the [jury] may award an amount not exceeding 3 times the wage." Md. Code Ann., Labor & Employment § 3-507.1 (b).

In the instant case, the jury found that Point Blank did not provide the Individuals with restricted, rather than unrestricted, stock by virtue of a bona fide dispute. However, the Court concludes that it must grant Point Blank Judgment as a Matter of Law on this issue.

The compensation agreement between the parties at issue was, without doubt, ambiguous as to whether the Individuals

---

[3] While the statute refers to a finding by "the court," the Maryland Court of Appeals has held that the statute is referring generically to the finder of fact, the jury in the instant case. Admiral Mortgage, Inc. V. Cooper, 745 A.2d 1026, 1035 (Md. 2000).

would receive registered or unregistered shares. To the extent the agreement was summarized in a writing, there was reference to "stock" without characterization as registered or unregistered shares. Moreover, in March of 2001, during their employment, the Individuals received stock certificates stating, in bold print "RESTRICTED SECURITIES" but did not notify Point Blank of their position that they were entitled to unrestricted shares until after they left their employment. The determination of whether the Individuals were entitled to unrestricted shares presented genuine issues of material fact as to which each side had evidence upon which it could reasonably rely. The Court concludes that, on the evidence presented even if viewed as the Individuals contend, no reasonable jury could find that Point Blank lacked a reasonable good-faith basis for contending that Plaintiffs were not entitled to unrestricted shares. There was, in the view of the Court, no reasonable basis for the jury to have found that Point Blank withheld the issuance of unrestricted shares for a reason other than "as a result of a _bona_ _fide_ dispute."

C.  <u>Warrants</u>

The jury found that the Individuals were entitled to receive warrants for unrestricted, rather than restricted, shares of stock. The jury also found, by special verdict, the value of warrants for unrestricted shares on January 3, 2003 (the pertinent date), that is the amount that the Individuals would have netted had they exercised the warrants and sold unrestricted shares on that date:

|  | Price | Krummel | Murray |
|---|---|---|---|
| Share Value | $116,455.03 | $87,273.99 | $38,638.95 |

In the instant case, the Individuals cannot recover the January 3, 2002 value of warrants for unrestricted shares they should have received and also keep the warrants for restricted shares that they in fact received. The parties have advised the Court that they have agreed upon the disposition of the warrants for restricted shares by surrender of the warrants to Point Blank. Accordingly, the Court will enter judgment based on the warrant for unrestricted shares value determined by the jury.

Finally, the Court does not agree with Point Blank's argument that the Individuals sustained no damages because they never tendered $2 per share to exercise the warrants. The measure of damages is the difference between the value of

what the Individuals should have received - unrestricted warrants - and what they got - restricted warrants.  The value of a warrant for unrestricted stock on January 3, 2002 was the $6 per share value of the stock less the $2 per share warrant price less transaction costs.  Inasmuch as the Individuals have surrendered the warrants they received to Point Blank, they are entitled to recover as compensatory damages the value of the warrants that they should have received.

    D.    <u>Legal Fees</u>

Under Md. Code Ann., Labor & Employment § 3-507.1(b) if the jury finds that an employer failed to pay compensation for employment for a reason other than "as a result of a bona fide dispute" the [judge, not the jury] may award the employee" . . . reasonable counsel fees and other costs.  <u>Admiral Mortgage</u>, 745 A.2d at 1035-36.  As stated in <u>Friolo v. Frankel</u>, 818 A.2d 354, 364 (Md. 2003),

> When . . . a finding [that the wage was not withheld pursuant to a bona fide dispute] is made in an action under [§3-507.1] courts should exercise their discretion liberally in favor of awarding reasonable fee, unless the circumstances of the particular case indicate some good reason why a fee award is inappropriate in that case.

Here, the jury properly made such a finding as to the Individuals' salary claim (but not the stock claim) and the Court will award them their legal fees with regard to the salary claim (but not the stock claim).

By letter Order of July 17, 2003, the Court states that:

> the individuals must present evidence and
> their positions with regard to the amount
> of fee fairly allocable to the salary issue
> should I decide that an award of fees
> should be made with regard to that issue
> but not the others.

The Individuals completely ignored the directive.

The Court could, with justification, award the Individuals nothing on their counsel fee claim by virtue of their completely outrageous demand.  See Fair Housing Council of Greater Washington v. Landow, 999 F.2d 92, 97-98 (4th Cir. 1993).  ("[B]ecause [Plaintiff's] fee petition completely ignored th[e] principles [of requesting reasonable fees and providing the necessary assistance to determine the amount], we think the district court would not have abused its discretion by denying the [Plaintiff's $604,113] fee request in its entirety."); Sun Publishing Co., Inc. v. Mecklenburg News, Inc., 823 F.2d 818, 819 (4th Cir. 1987) ("[A] request for attorney's fees, which is so exorbitant as to shock the conscience of the court, may be denied without a [detailed

10

analysis]"). However, the Court finds Point Blank's decision to proceed to trial on the Individuals' salary claim to be an unjustified one. Accordingly, the Court finds it reasonable to determine the amount of counsel's fee in light of the result obtained and a realistic appraisal of the extent of legal services necessary to obtain that result.

As discussed in Friolo, the Court is not restricted to the lodestar approach[4] when awarding a legal fee. Moreover, where the lodestar approach would result in an unreasonable fee, there must be an adjustment.

In Friolo, a case in which the Maryland Court of Appeals suggested a liberal interpretation of the provision for legal fee awards in § 3-507.1, the Court ultimately noted that it would have been impermissible for a lawyer to charge the plaintiff $51,000 based on a recovery of less than $12,000. Furthermore, in Attorney Griev. Comm's. V. Korotki, 569 A.2d 1224, 1233 (Md. 1990) the Maryland Court of Appeals stated that "it is generally a violation of [ethical principles] for an attorney's stake in the result to exceed the client's stake" when disproving a contingent fee in excess of 50%. Nevertheless, there is a remedial element to a fee award under

---

[4] A reasonable hourly rate applied to the hours reasonably devoted to the service for which fees are awarded, subject to adjustment. Friolo, 819 A. 2d at 356-370.

11

§3-501.7 and, in the instant case, Point Blank's position was totally meritless.

In the instant case, the issues relating to the salary claim were rather separate from those relating to the stock and warranty claims. Point Blank's defense on the salary claims was based upon the theory - and theoretical is all that it was -that the Individuals did not render compensable services during their last week of employment. Point Blank's defense to the stock and warranty claims was based upon the reasonable - albeit ultimately unsuccessful - contention that the ambiguous employment agreement permitted the providing of restricted rather than unrestricted shares of stock and warrants. Thus, the Court does not find it appropriate to include within the fee award for the salary issue amounts for services related to the stock and warranty issues. <u>A fortiori</u> the Court would find it inappropriate to include in the award for fees on the salary issue anything pertaining to fees for the Individuals' defense against Point Blank's claims.

In the absence of a proffered allocation by the Individuals - although one was expressly Ordered to be presented - the Court shall award the Individuals attorneys' fees on the basis of a %50 contingent fee recover on the salary claims. Thus the award shall be one half of the total

recovery for compensatory and trebled damages of the Individuals on their respective salary claims, a total of $13,538.22.

The Individuals, as the prevailing parties, shall be awarded all assessable cost with regard to all claims in the entire case.

### E. Prejudgment Interest

In Maryland law, the matter of prejudgment interest is left to the discretion of the jury, or the trial court when sitting without a jury. See, I.W. Berman Properties v. Porter Bros., Inc., 276 Md. 1, 18-19, 344 A.2d 65 (1975). Here, the parties did not request submission of the question to the jury.

Rule 49(a) of the Federal Rules of Civil Procedure which provides that if, in submitting a special verdict, the Court "omits any issue of fact raised by the . . . evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires the party demands its submission to the jury." Accordingly, the matter of prejudgment interest shall be decided by the Court.

As stated by Judge Sobeloff in Robert C. Herd & Co. v. Krawill Machinery Corp., 256 F.2d 946, 952 (4th Cir. 1958),

"where valuation is reasonably estimable, as for the loss of a chattel, the injury is ordinarily not redressed by allowing only the value of the chattel in disregard of loss of the use of money thereby occasioned."  In the instant case, the amount of compensatory damages was determinable to a high degree of certainty although, of course, the discretionary award of treble damages was uncertain until the verdict was rendered.  Accordingly, the Court will award prejudgment interest as to the compensatory damages from January 2, 2003 and on the treble damage award from the date of the verdict.

In Maryland it is well established that prejudgment interest which is awarded should be at the rate of 6% per annum.  <u>First Virginia Bank v. Settles</u>, 588 A.2d 803 (Md. 1991).


IV.   <u>CONCLUSION</u>

For the foregoing reasons:

   1. Point Blank's Renewed Motion for Judgment as a Matter of Law [Paper 25] is GRANTED IN PART AND DENIED IN PART.

   2. The Individuals' Motion for Counsel Fees and Costs [Paper 23] is GRANTED IN PART AND DENIED IN PART.

   3. Judgment shall be entered by separate Order for the Individuals against Point Blank for the following amounts and all assessable costs:

      a.    Price[5] - $192,401.64 plus prejudgment interest[6] of $21,085.56 for a total of $213,487.20.

      b.    Kummel[7] - $131,458.93 plus prejudgment interest of $14,127.67 for a total of $145,596.60.

      c.    Murray[8] - $52,861.41 plus prejudgment interest of $5,610.59 for a total of $58,472.00.

SO ORDERED, on <u>Friday, November 14, 2003</u>.

                                              / s /
                                Marvin J. Garbis
                      United States District Judge

---

[5] Salary - $11,538.44, stock - $58,638.95, warrants - $116,455.03, counsel fees - $5,769.22 for a total of $192,401.64.

[6] See Exhibit A hereto.

[7] Salary - $10.000.00, stock - $29,184.94, warrants - $87,273.99, counsel fees - $5,000.00 for a total of $131,458.93.

[8] Salary - $5,000.00, stock - $7,222.46, warrants - $38,138.95, counsel fees - $2,500.00 for a total of $52,861.41.

**PRE-JUDGMENT INTEREST COMPUTATION**

|  | Price | Krummel | Murray |
|---|---|---|---|
| Compensatory Damages: | | | |
| Salary | $ 2,884.61 | $ 2,500.00 | $ 1,250.00 |
| Stock | 58,638.95 | 29,184.94 | 7,222.46 |
| Warrants | 116,455.03 | 87,273.99 | 38,638.95 |
| TOTAL | $177,978.59 | $118,958.93 | $47,111.41 |
| Interest[9] | $ 20,912.48 | $ 13,977.67 | $ 5,535.59 |
| Treble Damages | $ 8,653.83 | $ 7,500.00 | $ 3,750.00 |
| Interest[10] | $ 173.08 | $ 150.00 | $ 75.00 |
| Total Interest | $ 21,085.56 | $ 14,127.67 | $ 5,610.59 |

# EXHIBIT A

---

[9] Computed at 6% per annum, .5% per month, rounded to the half month, from 1/03/03 to 11/14/03, 23.5 months at 11.75%.

[10] From date of verdict, 7/16/03 to 11/14/03, four months or 2%.