IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

POINT BLANK BODY ARMOR, INC.             :

      Plaintiff/Counter-Defendant       :

   vs.                                                            :     CIVIL ACTION NO. MJG-01-3256

ALLEN PRICE, *et al.*                               :

      Defendants/Counter-Plaintiffs.  :
                              ..o0o..

**O R D E R**

Subsequent to a three day civil trial, a jury found for the defendants and against the plaintiff on July 17, 2003. The verdict was entered on the docket on that same date. Plaintiff's renewed motion for judgment as a matter of law, filed on August 4, 2003, was granted in part and denied in part on November 14, 2003. Judgment was entered in favor of the defendants and against the plaintiff in the amount of $417,555.80 on November 17, 2003. No appeal was noted. On December 12, 2003, defendants notified the court as to the satisfaction of judgment.

On August 4, 2003, defendants electronically filed a Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, seeking the award of $8,006.87 in fees associated with photocopying charges, court reporter transcription, service of process of trial subpoenas, and witness appearances. (Paper No. 124.) The costs request was accompanied by counsel's verification, as well as supporting exhibits. (*Id*.). On August 18, 2003, plaintiff filed an opposition response to the Bill of Costs and the defendants subsequently filed a reply thereto. (Paper Nos. 128 & 129.)

After review of the aforementioned pleadings, the undersigned Clerk shall examine the taxation items *seriatim*.[1]  Oral hearing is deemed unnecessary.  *See* Local Rule 105.6 (D.Md. 2001).

### I. *Court Reporter Fees for Depositions*

Defendants seek the award of $4,247.84 in court reporter costs related to witness and party deposition transcripts.

The Clerk may tax the costs of depositions under Fed. R. Civ. P. 54(d) where they are necessary for the case.  *See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).  To determine if a deposition expense is taxable, the undersigned must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking.  It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial."  *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (D.Md. *1968), aff'd as modified,* 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988).

While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned Clerk's authority is more limited.  In this district the Clerk has traditionally allowed: (1) *the costs associated with deposing the parties in the case*; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) *the deposition costs*

---

[1] Plaintiff complains that the defendants' taxation request is not accompanied by a memorandum in support and should be dismissed for the failure to meet technical statutory requirements.  However, inasmuch as the defendants have provided a verified Bill of Costs, with attached supporting documents, I do not find this omission fatal.  The taxation request complies with local rule requirements.  Each requested item shall be reviewed on its own merits.

*associated with those deponents who testified at trial.*

It is within my discretion to award recoverable costs of party depositions and those depositions of deponents who testified as trial or whose deposition was read into the record. Consequently, the following deposition costs shall be allowed:[2]

    Allen Price, Joseph Krummel, and James Murray
       (June 25 & 26, 2002 depositions). . . . . . $ 824.25[3]
    James Murray and Allen Price (May 7, 2003 depositions) . 376.50[4]
    Joseph Krummel (May 13, 2003 deposition) . . . . 118.25
    Sandra Hatfield (Day 2 of Trial)[5]. . . . . . . . 1,349.70[6]
    Dawn Schlegel (Day 3 of Trial). . . . . . . . 787.75[7]
    David Brooks (Day 2 of Trial) . . . . . . . 362.25[8]

Total court reporter costs in the amount of $3,818.70 shall be awarded in favor of defendants.

## II. *Fees for Subpoenas*

The defendants seek compensation for fees associated with the service of a trial subpoena on Catherine Dubbs ($135.76), who testified on their behalf on the second day of trial. They indicate that Ms. Dubbs was served by an employee of defense counsel's law firm.

---

[2] Scott Bauermaster did not testify at trial. Therefore, the court reporter fees associated with his deposition shall be disallowed.

[3] Postage and handling are considered office overhead and are not recoverable.

[4] Shipping charges are likewise considered office overhead and are not recoverable.

[5] The Hatfield deposition was read into the record of Day 2 of trial. (*See* Minutes of the Court, left side of court file.)

[6] The fees associated with the postage and handling, as well as the reading and signing, of the Hatfield deposition are not recoverable.

[7] The costs for the ASCII and compressed versions of the transcripts are not recoverable.

[8] The costs for the ASCII and compressed versions of the transcripts, as well as the fee for the FedEx first overnight delivery, are not recoverable.

Although 28 U.S.C. § 1920 does not specifically provide for taxation of fees associated with private process, the Clerk has the authority to tax the reasonable process fees of a private process server as to service fees for summons and initial process; service fees for trial subpoenas as to witnesses who have testified at trial; and service fees for depositions subpoenas as to depositions taxed as costs.

While Catherine Dubbs did testify at trial, defendants provide no rationale, much less documentation, in support of the taxation of the $135.76 amount for "in-house" service of a trial subpoena on Ms. Dubbs. Consequently, this cost shall be disallowed.

### III. *Witness Attendance Fees*

Defendants seek the taxation of witness fees paid to Catherine Dubbs and Scott Bauermaster, as well as the Designee of Morgan Stanley and the Custodian of Morgan Stanley records. While defendants attach invoices for checks issued to these individuals, no information explaining the breakdown for these cost requests is provided. Scott Bauermaster did not testify at trial. Further, the undersigned has no knowledge as to whether Morgan Stanley personnel appeared at trial. Catherine Dubbs did testify during trial proceedings. Therefore, only the $45.00 witness fee for Ms. Dubbs shall be taxed under 28 U.S.C. §§ 1920(3) and 1821(a)(1) & (b).

### IV. *Fees for Copy Work*

Defendants seek remuneration in the amount of $3,395.20, presenting the charge of "$.20 per page for photocopying charged to defendants" by their counsel's law firm. The original taxation request does not identify the particular copy work in question.[9]

---

[9] The plaintiff opposes the taxation of photocopies due to the failure to itemize the copies. In their reply the defendants attempt to cure this deficiency by identifying a substantial portion of the photocopies generated in this matter.

Prior to the mid-1980's, the Clerk of this Court historically viewed copy work as general office overhead and disallowed the recovery of said item under 28 U.S.C. § 1920. *Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. at 165. However, holdings of this Court have caused the Clerk to reconsider this position. In the case of *Stratton v. Equitable Bank*, Civil Action No. HAR-88-1485, Senior District Judge John Hargrove found that "[P]hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." *c.f. Sun Publishing Company, Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984). *See also, Purity Products, Inc. v. Tropicana Products, Inc.*, Civil Action No. H-86-2319.

The Clerk shall grant this item in part. Only those copies of pleadings or documents filed pursuant to Local Rule 105 (motions, briefs, and memoranda) and specifically identified[10] shall be allowed. They are as follow:[11]

```
Summary judgment motions' exhibits: 366 pages (3 copies). . . . . .$219.60
Summary judgment motions' final briefs: 136 pages (3 copies) . . . . .  81.60
Responses to plaintiff's motion to compel and in support of defendants'
corresponding motion for protective order, with exhibits:
   67 pages (4 copies). . . . . . . . . . . . . . . . . .  53.60
Second motion for protective order:  14 pages (4 copies). . . . . . .  11.20
Original answer and counterclaim: 15 pages (3 copies) . . . . . . . .   9.00
Motion for leave to file amended counterclaim and attached amended counterclaim
   and red-line copy and reply to opposition: 50 pages (3 copies). . . . .  30.00
```

---

[10] Taxation requests seeking reimbursement for printing and photocopy costs related to pleadings, generally identify the documents or pleadings at issue and breakdown the item by providing the number of pages copied and the cost per page.

[11] Except for discovery-related motions and corresponding answers, defendants shall only be allowed the cost of one copy of documents filed with the Clerk of the Court. *See* Local Rule 105.1. (D. Md. 2001). Further, the costs associated with a copy of the documents for defense counsel's clients and counsel's own files shall be disallowed.

Therefore, photocopy costs shall be allowed in the amount of $405.00.

For the aforementioned reasons, costs shall be awarded in favor of defendants and against the plaintiff in the amount of $4,268.70.[12]

Dated this ___30th___ day of _____January_____, 2004.


_____/s/_____
Frances E. Kessler, Chief Deputy Clerk
for: Felicia Cannon, Clerk of the Court

---

[12] Review of this decision is available under Fed. R. Civ. P. 54(d)(1).